J. P. DUFFY COMPANY and Others, on Their Own Behalf and on Behalf of All Others Similarly Situated, Respondents, and HERBERT D. LOUNSBURY and Another, Copartners, Doing Business under the Firm Name and Style of FREDENBURG & LOUNSBURY, Additional Plaintiffs, Respondents, and BRISK WATERPROOFING Co., INC., and Others, Intervening Plaintiffs, Respondents, v. BOARD OF EDUCATION OF THE CENTRAL HIGH SCHOOL DISTRICT No. 3, TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, and Others, Appellants.

First Department, December 16, 1938.

*George Trosk* of counsel [*Phillip W. Haberman, Jr.*, with him on the brief; *Trosk & Haberman*, attorneys], for the appellants.

*M. Carl Levine* of counsel [*David Morgulas* and *Albert Foreman* with him on the brief; *M. Carl Levine, Morgulas & Foreman*, attorneys], for the respondents.

*Charles A. Van Patten* of counsel [*Lowell M. Birrell*, attorney], for the respondent Cross, Austin & Ireland Lumber Company.

*M. Harvey Smedley* of counsel [*Roberts B. Thomas*, attorney], for the respondent Lehigh Structural Steel Company, Inc.

*Joseph L. Maged* of counsel, for the respondent Joseph T. Ryerson & Son, Inc.

*Frank P. Luongo* on the brief, for the intervening plaintiffs-respondents.

*Louis H. Shereff* of counsel [*Shereff Brothers*, attorneys], for the respondents Fredenburg & Lounsbury.

Per Curiam. The action is by subcontractors upon a bond given by the National Surety Corporation and others under a contract between William Kennedy Construction Co., Inc., and the defendant Board of Education of the Central High School, District No. 3, Town of Hempstead, for the erection of a high school. The contract stipulated that the contractor should provide a bond " guaranteeing to said owner the faithful performance of the terms, covenants and conditions of the contract, and in addition thereto guaranteeing the full payment to all subcontractors, and for all labor, materials and equipment."

In accordance with the contract the bond upon which this action is maintained provides that " if the principal shall faithfully perform this contract according to its terms, covenants and conditions, and in addition thereto pay in full all subcontractors and for all labor, materials and equipment, then this obligation shall be null and void, otherwise to remain in full force and effect."

The question presented is whether the plaintiffs can maintain the action as third party beneficiaries on the bond which was exacted by the school board and which runs to the board as the sole obligee. We think that question is answered by the following decisions, which hold that under the circumstances of the present case such an action cannot be maintained: *Eastern Steel Co.* v. *Globe Indemnity Co.* (185 App. Div. 695; 186 id. 892; affd., 227 N. Y. 586); *Fosmire* v. *National Surety Co.* (229 id. 44); *Buffalo Cement Co.* v. *McNaughton* (90 Hun, 74; affd. on opinion below, 156 N. Y. 702); *Van Clief & Sons, Inc.,* v. *City of New York* (141 Misc. 216).

The order should be reversed, with twenty dollars costs and disbursements, and motion for judgment on the pleadings and to dismiss the supplemental complaints granted.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion for judgment on the pleadings and to dismiss the supplemental complaints granted.