■ CHARLES ALBERT, Appellant, v. LEO LERCH et al., Copartners Doing Business under the Names of LERCH and LERCH WIGS, Respondents.— Order, entered June 13, 1963, granting defendants' motion to dismiss action unanimously affirmed, with $20 costs and disbursements to respondents. We affirm solely on the ground of undue delay in the prosecution of the action. The first publication which plaintiff claims violated section 50 of the Civil Rights Law was in 1959. This action was commenced in August, 1960 and issue was joined September 20, 1960. Pretrial examinations were completed in January, 1962. A note of issue was filed for the May 1963 Term. No substantial reason is submitted for the delay of 15 months. The allegation that appellant's financial condition was such that he could not provide the necessary fee to file a note of issue is negated by the uncontroverted fact that plaintiff received $2,500 in settlement of this action from a codefendant. (See *Sortino* v. *Fisher*, 20 A D 2d 25.) Concur — Botein, P. J., Breitel, Rabin, Stevens and Bastow, JJ.

■ YORK CORPORATION, Respondent, v. 1955 ASSOCIATES, INC., et al., Appellants, et al., Defendants.— Resettled order, entered January 21, 1963, granting plaintiff supplier summary judgment and impressing a trust on certain funds, unanimously reversed on the law, without costs, and the motion for summary judgment denied. Under the Lien Law a trust may not be impressed for the benefit of plaintiff supplier, because the settlement fund does not qualify as moneys received in trust under any of the provisions of the statute (see Lien Law, § 70, subd. 5). The settlement fund results from payment by the surety on a bond which guaranteed payment by the tenant of its share of the construction costs. The bond was given by the tenant to the landlord, for the landlord's benefit, and expressly excluded others from having any right to sue thereon. In none of the other documents affecting the transactions was the supplier made, impliedly or expressly, an intended beneficiary of obligations undertaken by the landlord. (See, e.g., *Duffy Co.* v. *Board of Educ.*, 255 App. Div. 493, affd. 280 N. Y. 773; Restatement, Contracts, § 133, incl. Illus. 9; § 147; 10 N. Y. Jur., Contracts, §§ 239, 240.) Nor was there any contractual obligation between the supplier and the landlord on this record, even if the landlord was a joint obligor or joint venturer with the tenant in the construction of the building (see *Glantz Contr. Corp.* v. *1955 Associates*, 20 A D 2d 535). The agreement of January 15, 1962 between the tenant and Glantz, although it refers to plaintiff supplier, indicates the intention of the signatories that the supplier would look to Glantz for payment, and not to anyone else. Concur — Botein, P. J., Breitel, Rabin, Stevens and Bastow, JJ.