J & J TILE Co., INC., Respondent, v. MELVIN FEINSTEIN et al., Defendants, and MARY FEINSTEIN, Appellant.— Order of Appellate Term, First Department, entered on February 28, 1973 (affirming an order of the Civil Court, New York County, entered on May 18, 1972, which granted plaintiff's motion for summary judgment) and order of Civil Court unanimously reversed, on the law, the motion denied, the judgment entered on said order of Civil Court vacated, and the complaint dismissed as to defendant-appellant. Appellant shall recover of respondent $60 costs and disbursements of this appeal. This action is brought by plaintiff, a subcontractor of Feinstein Construction Corp. (hereinafter referred to as Feinstein), to recover on a guarantee (executed by the principals of Feinstein), for the payment and performance by Feinstein, as general contractor, pursuant to an agreement under which Feinstein was to make certain improvements on buildings owned by Frankmel Management Corp. The guarantee was executed as a result of the demand of the City of New York, which financed the subject improvement. The city was the named obligee. The plaintiff, which has not been paid in full all amounts due and owing from the general contractor, asserts that it is a third-party beneficiary of the guarantee and accordingly, may bring this action. The terms of the guarantee insofar as here relevant are as follows: " Melvin

Feinstein and Mary Feinstein * * * do hereby jointly and severally uncon-
ditionally guarantee the performance by Feinstein Construction Corp. of all the
terms, covenants and conditions of [the] Construction Contract * * * and
do hereby jointly and severally unconditionally guarantee the full and prompt
payment by the said Feinstein Construction Corp. of all sums due and to become
due and owing to its laborers, subcontractors and materialmen ". We do not
believe that the guarantee creates a cause of action in plaintiff's favor. The
rule has developed with relation to combined payment and performance bonds
that third parties have no direct cause of action thereon, unless it is established
that there was an intent to confer such right of action. (*Fosmire* v. *National Sur.
Co.*, 229 N. Y. 44.) Although the Civil Court recognized such rule, it held that it
was not applicable to a situation involving a *guarantee* for payment and perform-
ance as compared to a *bond* for payment and performance. Regardless, however,
of whether a bond or guarantee is involved, the question remains in each instance
as to what the dominant purpose of the instrument was and whether there was
an intent to confer a right to sue upon third parties. Here, the language of the
instrument itself establishes that the dominant purpose was to protect the city
and there is no indication of any intent to benefit third parties. Similar language,
we note, has previously been construed to deny any right of action by third
parties. (See *Duffy Co.* v. *Board of Educ.*, 255 App. Div. 493, affd. 280 N. Y.
773; cf. *New York Plumbers Specialties Co.* v. *Columbia Cas. Co.*, 13 A D 2d
449.) There being no questions of fact, summary judgment should be granted
dismissing the complaint. Concur — Markewich, J. P., Kupferman, Lane,
Steuer and Tilzer, JJ.