Arnold L. Fein, J.
Plaintiff moves for summary judgment against Varig, S.A. (Varig) on the first cause of ¡action and against First National City Bank (Citibank) on the second cause of action. The motion was made in duplicate (No. 22 and No. 44, Special Term, Part I, May 25, 1973) and is considered and decided as a single motion in Individual Calendar, Part 9. Plaintiff’s Exhibit 1, attached to only one set of motion papers, was considered.
Plaintiff, Philip A. Feinberg, Inc. (Feinberg), is a domestic corporation engaged in the business of buying and selling fur sldns as well as performing services as a commission agent in connection with the sale of such skins.
In September, 1971, Feinberg agreed to purchase 100 pieces of jaguar skins from a corporation, Exportadora Braseleria Ltd., (Exportadora), located in Brazil, for the sum of $16,490. In accordance with 'Feinberg’s instructions, Citibank issued an irrevocable ¡letter of .credit in favor of Exportadora providing for payment of the above sum upon the presentation of certain specified documents to the collecting bank. Exportadora delivered the skins to Varig for shipment to New York designating Citibank as the consignee. Varig issued a nonnegotiable airway bill of lading to Exportadora. However, the skins -were never shipped to New .York.
It appears that sometime prior to shipment, Exportadora demanded the return of ¡the skins. Apparently there was a problem respecting the appropriate export license. The skins were then returned to Exportadora by Varig. However, Varig did not take back the -original airway bill of lading. On o.r about September 24, 1971, Citibank ’honored a demand for payment against the letter of credit. A negotiating bank in Brazil submitted to -Citibank by mail a draft in the sum of $16,490, *307 drawn by Exportadora together with an airway bill, commercial invoice and a paper purporting to be ithe export license. After satisfying itself as to the authenticity of the export license and that the documents presented were in conformity with the letter of credit, Citibank paid the amount of the draft, debiting plaintiff’s account.
The complaint sets forth a single cause of action against Varig bottomed on the failure of Varig to obtain the airway bill from Exportadora at the time the skins were returned by Varig. Feinberg also seeks a recovery against Citibank, contending that if failed to examine the documents presented and ascertain that the export license was not properly executed.
Varig has interposed three affirmative defenses in its answer and in addition asserts in its opposing papers the defense that the shipper Exportadora is a necessary party and has not been joined in the action.
However, none of the foregoing defenses present triable issues warranting' denial of the motion for summary judgment. Nor is Exportadora a necessary party to the resolution of the issues here tendered.
The opposing affidavit submitted on behalf of Varig does not state the basis upon which the assertions contained therein are made. The source of knowledge upon which Varig attempts to buttress the conclusory defenses interposed in its answer is not disclosed. It is well settled that an opposing affidavit made without personal knowledge of the facts has no probative value and 'should be disregarded., (Capelin Assoc. v. Globe Mfg. Corp., 34 N Y 2d 338; Di Satato v. Soffes, 9 A D 2d 297.) More important however is the failure of Varig to raise genuine issues warranting exploration at a plenary trial.
Varig’s defenses in the main center upon certain provisions of the .Warsaw Convention and section 7-303 of the Uniform Commercial Cole. It contends that there is a triable issue as to the meaning of the French text of the Warsaw Convention. These defenses are without merit.
As stated in Rosman v. Trans World Airlines and Herman v. Trans World Airlines (34 N Y 2d 385, 390, revg. the First and Second Dept, decisions relied on by Varig), with respect to the Warsaw Convention: “ The primary objectives of the Convention are to establish uniform rules of documentation in air transportation (tickets, baggage checks and waybills) and to limit the liability of air carriers in case of accident (Block v. Campagnie Rationale Air France, 386 F. 2d 323, 327, cert. den. 392 U. S. 905).”
*308 The .Count .of Appeals went onto rule (p. .392):“ The 4 precise meaning ’ of the terms of the Convention, therefore, is to be determined by the court as a .question ¡of law (CPLR 4511, subd. [c]) and cannot be treated as a triable issue of fact so as to defeat consideration of a motion for summary judgment.”
There is no dispute that the airway bill incorporated by reference the rules and limitations relating to liability established by the Convention. Nor is there any doubt that under the terms of the airway bill, in the absence .of a special declaration .of the value of the .goods, Varig’s liability ¡was limited to $2,755. However, this provision as well as .other applicable provisions of the airway bill are only operative after the carrier has undertaken to deliver the goods placed in its possession.
Varig’s liability is not predicated upon ¡misdelivery or damage or loss in carriage which might make the limitation applicable. Its liability is founded upon its failure to take back the original airway bill when it returned the skins upon the demand of the shipper, Exportadora. The circumstances under which the shipper terminated the carriage agreement, allegedly because it could not obtain an export license, cannot absolve Varig of the consequences of its failure to take back the original airway bill. Varig knew or should have known that the .airway bill, although nonnegotiable, was susceptible to a wrongful use by the shipper. The existence of such bill in the hands of Exportadora imported the possession by Varig of the merchandise described. Without possession of that bill, Exportadora could not have .perpetrated the fraud upon Feinberg.
As to ¡Citibank, Feinberg claims that payment was made against the letter ¡of credit without obtaining a proper export license as required by the credit agreement with Feinberg. There is no dispute that a license was forwarded and submitted -to Citibank. Plaintiff asserts that such license lacked the .required signatures, ¡of two officials of the Brazilian Foreign Trade Department. However, Citibank undertook no responsibility to insure the genuineness of the license. Citibank’s duty was to determine whether the documents produced appeared on their face to comply with the terms of the letter of credit. (Unform Commercial Code, § ;5A14.): The .document in question is written in Portuguese and denominated an export license.
The documents tendered were in acceptable form to the negotiating bank, when transmitted, and Citibank had a right to rely on their face. The translations and arguments which have been submitted do not demonstrate the contrary. Nor do they raise a triable issue.
*309 Accordingly, plaintiff’s motion is granted to the extent only of granting summary judgment against Varig. The application of Citibank in its opposing papers for 'summary judgment dismissing the complaint is granted.
It appears to he undisputed that Citibank charged plaintiff’s account the sum. of $16,490, the agreed price of the skins covered by the obligation of the letter of credit, together iwith its commissions, fees and interest in the sum of $112.62 totaling $16,602.62. However, plaintiff is suing for $21,112.62, consisting of $21,000 representing the alleged fair market value of the skins plus Citibank’s charges of $112.62. Accordingly, there must be an assessment of damages.,
■Settle order providing for assessment of damages.