William Manowitz, Appellant, v Jonas Senter et al., as Trustees of the Employee Pension Plan of CITC Industries, Inc., et al., Respondents, et al., Defendant.

First Department, June 27, 1978

### APPEARANCES OF COUNSEL

*Sheldon M. Greenbaum* of counsel *(Thomas F. Ryan* with him on the brief; *Hess Segall Guterman Pelz & Steiner,* attorneys), for appellant.

*Jonathan S. Gaynin* of counsel *(Vincenti & Schickler,* attorneys), for respondents.

### OPINION OF THE COURT

FEIN, J.

Plaintiff appeals from an order which denied his motion for partial summary judgment declaring that he was "unlawfully removed from the pension roll" of defendant CITC Industries, Inc. (CITC) and is entitled to pension rights which vested prior to his voluntary termination of employment.

Plaintiff was employed by CITC from October, 1962 to January 31, 1973. During his tenure with defendant, CITC, he became its general manager in charge of men's and sporting goods footwear. Following his resignation on January 19, 1973, effective January 31, 1973, he entered the employ of a competing company. During the period subsequent to his resignation, he requested and received statements as to the value of his pension plan account, which on January 31, 1976, allegedly contained an accumulated sum of $63,540.54. On September 9,

1976, one week prior to plaintiff's 65th birthday, defendants advised him that his pension plan account had been closed because of willful misconduct during the course of plaintiff's prior employment with CITC, a determination made more than three and one-half years after plaintiff's termination.

Upon receipt of notification that defendants had declared a forfeiture of plaintiff's vested pension benefits, plaintiff commenced a special proceeding to obtain a copy of the pension plan. That proceeding was disposed of by order of Justice HELMAN, dated November 26, 1976, directing that a copy of the plan be furnished to plaintiff.

When defendants continued to resist plaintiff's claim that he was entitled to pension rights under the plan, this action was commenced in February, 1977. Following joinder of issue, plaintiff moved for partial summary judgment for a declaration that he was improperly divested of his rights under the pension plan and for reinstatement of all pension benefits. Special Term denied the motion, finding there were questions of fact as to whether plaintiff engaged in conduct which warranted forfeiture of pension rights and whether plaintiff concealed from defendants his alleged improper and unauthorized conduct during the period of his employment.

Special Term denied the motion on authority of *Hadden v Consolidated Edison Co. of N. Y.* (34 NY2d 88). We disagree. We conclude that *Hadden* requires a declaration that (1) defendants improperly sought to forfeit plaintiff's interest in the pension plan, and (2) plaintiff is entitled to reinstatement of his pension benefits.

The pension plan provides in section 8.02:

"If such termination of employment is voluntary or is the result of a discharge other than as provided in Section 8.03, he shall be entitled, subject to the provisions of Section 8.04, to receive a percentage of the value of the Accumulation Account held for his account determined by the length of his continuous employment as follows:

"Vested equity to be 100% beginning with entry date."

Section 8.03 provides in pertinent part as follows: "If a participant shall cease to be an employee through his own proven dishonesty or through any wilful act in the course of his employment to the injury of the Employer or his fellow workers, then regardless of how near he may be to his normal retirement date, he shall be treated as he would have been

had he never been a participant. * * * Within 10 days after a person ceases to be an employee the Pension Committee shall make any determination that the provisions of this section are operative and shall notify him by registered mail, addressed to his last known address. He shall be given a period of 20 days following the mailing of such notice in which to appeal, and if he does not appeal within such period by writing addressed to the Pension Committee, the determination of the Pension Committee shall be final." The plan further provides a procedure for arbitration in the event the participant disputes or challenges the pension committee determination declaring a forfeiture of pension benefits.

Here, defendants do not contest the fact that plaintiff's termination of employment was voluntary. Under the terms of the pension plan, an employee who voluntarily retires is clearly entitled to vested pension benefits. Only where employment is terminated as a result of the "proven dishonesty" or "wilful act [of the employee] in the course of his employment to the injury of the Employer or his fellow workers" (§ 8.03) does the pension plan authorize forfeiture of benefits. Where termination of employment is voluntary or as a result of discharge other than for dishonesty, the employee is entitled to his vested benefits. Nowhere in the pension plan is there a provision permitting the employer to declare a retroactive forfeiture when acts of dishonesty are discovered or ascertained after the employee has retired. As the Court of Appeals observed in *Hadden v Consolidated Edison Co.* (34 NY2d 88, 98, *supra*): "If the parties to the Pension Plan herein wanted pension benefits to be adversely affected when an employee's misconduct comes to light after his retirement, rules governing the Company's and the employee's rights in such a situation should properly have been covered by provisions in the Plan."

Here, the plan contains no provision authorizing the employer to divest an employee of vested rights by reaching back and relying upon alleged improper conduct not discovered until well after the employee's retirement, in this case, more than three and one-half years after plaintiff had voluntarily terminated his employment. The only conditions under which forfeiture of benefits may be declared under the pension plan in issue here are proven dishonesty and certain willful acts ascertained prior to and which form the basis of the employee's termination or discharge.

*Hadden v Consolidated Edison Co. (supra)* is not to the contrary. That case does not authorize forfeiture of pension benefits for conduct concealed from the employer prior to the employee's termination, in the absence of an appropriate provision in the pension plan pertaining to that contingency. In that case, a Consolidated Edison executive was permitted to retire under an early retirement option rather than face discharge for cause and accompanying loss of pension benefits, after disclosure to the employer of the employee's involvement in a bribery scandal and after assurance given to management that that involvement was his sole indiscretion. Two years after Hadden's retirement, the trustees of the pension plan discovered that there were more serious transgressions and sought to effect a retroactive termination of pension benefits, similar to what respondents seek in the case at bar. The pension plan in *Hadden,* as in this case, contained no express provision authorizing postretirement termination of pension benefits. *Hadden* emphasized the protection required to be accorded employee rights under a pension plan as a form of deferred compensation for long years of service. There must be a strict construction of such a plan against forfeiture of such rights, unless the agreement explicitly mandates such a penalty. If such benefits are to be adversely affected by employee misconduct ascertained after the employee retires, the pension plan should expressly so provide.

Applying the rationale of *Hadden* to this case, the absence of a provision permitting retroactive forfeiture after termination of employment is conclusive. Plaintiff was neither discharged nor terminated for proven dishonesty or willful misconduct. Accordingly, there can be no forfeiture of pension benefits under the clear terms of the agreement.

It is neither relevant nor dispositive that in *Hadden* the Court of Appeals directed a trial in the light of the special circumstances which were found to exist in that case. A trial was necessitated as a result of Con Edison's contention "that it should be permitted to rescind the agreement whereby it waived its right to discharge Hadden, if it is established that the waiver was induced by Hadden's fraudulent misrepresentations." *(Hadden v Consolidated Edison Co.,* 34 NY2d 88, 98, *supra.)* The waiver related to Con Edison having granted permission to Hadden to retire early in reliance upon assurances from him that his involvement in the bribery scandal was his only act of misconduct. As the Court of Appeals

observed (p 99), "Unresolved by the present record * * * are the exact conditions of this apparent offer and acceptance. * * * To induce * * * agreement to forebear the exercise of this right to discharge, Hadden may or may not have offered certain assurances. During the negotiation, he may or may not have misrepresented material facts with regard to the full extent of his involvement in the conspiracy." The remand in *Hadden* was solely to determine whether Hadden, through material misrepresentation, had knowingly induced Con Edison to waive its right to discharge him at the time it agreed to permit Hadden to opt for early retirement. The court's observation in this connection is instructive (p 100): "We do not have before us a case in which an employer, prodded by his employee's pending retirement, makes routine inquiries concerning the employee's loyalty and stewardship, and later relies on the responses to claim rescission. In the case at bar, the preretirement discussions between Luce and Hadden touched upon the same subject matter, and at least some of the same underlying facts, as formed the bases of the postretirement revocation."

We have no such issues here. Accordingly, the remand in *Hadden* does not warrant the direction of a trial here. There is no issue of concealment in this case. There were no preretirement negotiations which might have raised an issue of material misrepresentation. No such issue has been raised factually either in opposition to the motion for summary relief or upon this appeal. What defendants seek is what *Hadden* expressly prohibited, the retroactive forfeiture of pension rights for alleged concealment of acts of misconduct or dishonesty, where the pension agreement does not specifically authorize or permit the employer to declare a forfeiture on such ground after the employee has voluntarily terminated his employment.

■ The papers submitted by defendants in opposition to plaintiff's motion for summary judgment do not set forth any evidentiary detail or facts pertaining to the alleged misconduct or dishonesty of plaintiff. Conclusory assertions of dishonesty, diversion of business and retention of customer lists are insufficient for this purpose. The affidavit of CITC's treasurer contains only naked claims charging plaintiff with dishonesty in misappropriating customer lists and other trade secrets and soliciting and interfering with CITC's customers and sources of supply. Conspicuously absent from the record is any affir-

mative proof to substantiate these claims. It is well settled that a party in opposition to a motion for summary judgment must assemble and lay bare affirmative proof to support such general allegations and to demonstrate clearly that triable issues of fact exist (*Shaw v Time-Life Records,* 38 NY2d 201; *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Di Sabato v Soffes,* 9 AD2d 297). Bare, conclusory allegations of misconduct and dishonesty are insufficient for this purpose. Rather, the opposing party must establish by affirmative evidence the existence of material facts sufficient to create a triable issue. Here, no proof has been offered. An employee's right to vested pension benefits, earned after years of service to his employer, should not be subjected to threats of forfeiture upon flimsy, unsubstantiated assertions of misconduct during the prior period of employment, particularly where, as here, retroactive forfeiture is not expressly authorized under the terms of the pension agreement.

Moreover, it is also of some significance that the pension plan expressly imposed upon the pension committee the obligation to determine a participant's entitlement to benefits within 10 days after the employee's termination and to render timely notice of forfeiture to the terminated employee. Here, there was no compliance with the 10-day notice provision contained in the pension plan. Nor is there any doubt that the notice of forfeiture, given more than three and one-half years after plaintiff's retirement, was not the timely notice required under the agreement.

It was not until 44 months after plaintiff had voluntarily resigned that defendants notified plaintiff that his pension account had been closed because of his alleged misconduct. This was in September, 1976, on the eve of plaintiff's 65th birthday just after plaintiff's written request for current information as to his participation in the plan. It is notable that in the interim, in February, 1975, over two years after plaintiff left CITC's employment, CITC instituted suit against plaintiff and his current concern, Manow International Corp., for damages for unfair competition and to recover an alleged overpayment to plaintiff of incentive pay during the period of his employment by CITC. Even at that time, defendants asserted no claim that plaintiff's pension rights had been forfeited or terminated. In essence defendants now rely on the claims asserted by CITC in that action as a defense here. However, neither post employment competition nor alleged

salary overpayment is a basis for pension forfeiture in the absence of an express provision to such effect in the pension agreement or plan. The plan is to be construed against the party who prepared it. *(Turski v Chiesa,* 58 AD2d 828, modfg 89 Misc 2d 443.) Whether CITC is entitled to damages for alleged postemployment unfair competition or to recover an alleged overpayment of incentive pay must await the outcome of that case. These claims are of no avail as defenses in this action for a declaration of pension rights and for payment of pension benefits now due.

We have neither reached nor considered whether plaintiff's rights are vested under the Employee Retirement Income Security Act of 1974 (ERISA, US Code, tit 29, §§ 1051-1061) as plaintiff now asserts for the first time on appeal.

Accordingly, the order, Supreme Court, New York County (HUGHES, J.), entered August 1, 1977, denying plaintiff's motion for partial summary judgment should be reversed, on the law, without costs, and the motion for partial summary judgment granted, declaring that, under the terms of the pension plan, (1) defendants improperly sought to effect a forfeiture of plaintiff's vested interest in the pension plan for alleged concealed acts of misconduct or dishonesty committed prior to plaintiff's voluntary termination of employment, and (2) plaintiff is entitled to reinstatement of his pension benefits.

KUPFERMAN, J. P., EVANS, LANE and MARKEWICH, JJ., concur.

Order, Supreme Court, New York County, entered on August 1, 1977, unanimously reversed, on the law, without costs and without disbursements, the motion for partial summary judgment granted, declaring that, under the terms of the pension plan, (1) defendants improperly sought to effect a forfeiture of plaintiff's vested interest in the pension plan for alleged concealed acts of misconduct or dishonesty committed prior to plaintiff's voluntary termination of employment, and (2) plaintiff is entitled to reinstatement of his pension benefits.