Stainless, Inc., et al., Respondents, v Employers Fire Insurance Company, Appellant.

First Department, July 10, 1979

## APPEARANCES OF COUNSEL

*Charles F. McGuire* of counsel *(Gwertzman & Pfeffer,* attorneys), for appellant.

*Marshall M. Kolba* of counsel *(Ernest E. Rosenberg* with him on the briefs; *Rein, Mound & Cotton,* attorneys), for respondents.

## OPINION OF THE COURT

FEIN, J.

Defendant insurer appeals from an order granting plaintiffs' motion for summary judgment on liability, directing an assess-

ment of damages and denying defendant's cross motion for summary judgment dismissing the complaint.

The action is brought to recover under an insurance policy issued by appellant (Employers) to Plains Television Corporation (Plains). Recovery of $209,958.25 is sought for damage to a television tower and appurtenant equipment, which collapsed from the weight of ice deposited on the structure during a storm. The complaint alleges that the policy issued by Employers to Plains provided coverage for all risk of loss or damage to the television tower and all integral parts, including transmitting equipment and appurtenant electrical and control apparatus. Although plaintiffs are not named in the policy, they assert benefits thereunder as third-party beneficiaries.

Plains, an Illinois broadcaster, had contracted with RCA to install a 1,300-foot tower to be erected on Plains' property in Fithian, Illinois. Subsequently, RCA contracted with plaintiffs to design, fabricate and erect the tower. It is undisputed that no contractual arrangement existed between plaintiffs and Plains. Following the loss, plaintiffs recovered from their insurer, Hanover Insurance Company, under a builder's risk insurance policy in the amount of $204,740, procured pursuant to the agreement between plaintiffs and RCA and including the latter as an additional insured. The policy issued by defendant was procured by Plains, also in accordance with its contract with RCA. The property coverage provisions of the policy extended coverage to "Plains Television Corporation, and their subsidiary and affiliated companies or corporations as are now or may hereafter be constituted", as named assured. Coverage under the policy was limited to "property belonging to the Assured, or in which Assured may have an interest, or for which the Assured may be liable, or for which the Assured may have assumed the liability prior to known loss or damage".

After payment to plaintiffs under the Hanover policy, this subrogation action was commenced by Hanover in the name of the insureds, plaintiffs, asserting a right to coverage under the policy issued by defendant to Plains, the purchaser of the tower and appurtenant equipment under a conditional sales contract. Special Term, in granting plaintiffs' motion to dismiss the affirmative defenses alleged in the answer and for summary judgment on liability, and denying the cross motion to dismiss the complaint, held that the policy was a property

damage policy which expressly covered the tower that had been destroyed. The court found that since plaintiffs had an insurable interest in the tower, they could recover under the policy as third-party beneficiaries. We are in agreement that Special Term erred in extending coverage contrary to the terms of the policy, which expressly covered only Plains as named assured.

■ ■ Special Term placed undue reliance upon the fact that plaintiffs had an insurable interest in the tower. The existence of such an interest is, of course, necessary to the validity of a policy of insurance, since a policy on property wherein the insured has no interest or title is void. Generally, a person has an insurable interest in property if he would stand to profit or gain some advantage by its continued existence, or suffer some loss or disadvantage by its destruction (see 3 Couch, Insurance [2d ed], § 24:12 *et seq.;* 4 Appleman, Insurance Law and Practice, § 2123 *et seq.).* Section 148 of the Insurance Law precludes the enforcement of a policy of insurance issued in this State except for the benefit of one with "an insurable interest in the property" and defines "insurable interest" as "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage." The existence of an insurable interest, however, is not of itself sufficient to confer benefits under a policy extending coverage for property damage. Resort must be had to the terms of the policy to determine who is covered and the extent of coverage. Recognition of an insurable interest establishes only the existence of a legally recognizable interest which may be protected by insurance coverage. Special Term, however, inappropriately assumed that the fact that plaintiffs had an insurable interest in the tower and equipment was enough to qualify them as third-party beneficiaries under the policy issued by Employers to Plains. We disagree.

■ We note as a preliminary matter that neither side has submitted appropriate papers required on a motion for summary judgment. The statute requires that such a motion be supported by affidavit by one with requisite knowledge of the facts, together with a copy of the pleadings and other available proof (CPLR 3212, subd [b]). Affidavits and affirmations of counsel without requisite knowledge, are insufficient for that purpose and have been held to be without probative value. *(Di Sabato v Soffes,* 9 AD2d 297; *Philip A. Feinberg, Inc. v Varig,* 80 Misc 2d 305, affd 47 AD2d 1005.) We have recently held

that the statutory standard is not met by reliance upon deposition transcripts which, in the absence of proper affidavits, may impose an intolerable burden upon Special Term (see *Executive Securities Corp. v Gray*, 67 AD2d 860). Nor has either party submitted requisite proof in opposition to the motion by the other for summary relief. The law is well settled that a party opposing a motion for summary judgment must assemble and lay bare affirmative proof to demonstrate the existence of a genuine triable issue of fact *(Shaw v Time-Life Records*, 38 NY2d 201; *Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338; *Di Sabato v Soffes, supra; Manowitz v Senter*, 62 AD2d 898, app dsmd 45 NY2d 819, 837).

■ Despite the insufficiency in the papers submitted by both sides, the issue tendered appears to be strictly a legal one, relating to the appropriate construction of an insurance policy and whether coverage is afforded under facts which are not in dispute. Where the terms and conditions of a policy of insurance are ascertained, its coverage, meaning and intent present questions of law to be determined by the court *(Dwight v Germania Life Ins. Co.*, 103 NY 341). The construction and interpretation of an insurance policy as is the case with other written instruments, is a question of law for the court, except that "when the language employed is not free from ambiguity, or when it is equivocal and its interpretation depends upon the sense in which the words were used in view of the subject to which they relate, the relation of the parties and the surrounding circumstances properly applicable to it, the intent of the parties becomes a matter of inquiry, and the interpretation of the language used by them is a mixed question of law and fact." *(Kenyon v Knights Templar & Masonic Mut. Aid Assn.*, 122 NY 247, 254.) As was observed by our Court of Appeals in *Hartford Acc. & Ind. Co. v Wesolowski* (33 NY2d 169, 172): "If there is ambiguity in the terminology used, however, and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury * * * On the other hand, if the equivocality must be resolved wholly without reference to extrinsic evidence the issue is to be determined as a question of law for the court. [Citing cases.]"

■ The meaning of the language used in the policy must be found in the common sense and common speech of the aver-

age person (see *State Farm Mut. Auto. Ins. Co. v Bush*, 46 AD2d 958, 959; *Lewis v Ocean Acc. & Guar. Corp.*, 224 NY 18, 21), in the light of "the reasonable expectation and purpose of the ordinary business man when making an insurance contract such as we have here" *(Burr v Commercial Travelers Mut. Acc. Assn. of Amer.*, 295 NY 294, 301), or, the meaning "which would be given it by the average man." *(Berkowitz v New York Life Ins. Co.*, 256 App Div 324, 326; see, also, *Miller v Continental Ins. Co.*, 40 NY2d 675, 676.)

Of course, since the policy is drawn by the insurer, it is to be liberally construed in favor of the insured *(Miller v Continental Ins. Co., supra*, p 678; *Cantanucci v Reliance Ins. Co.*, 35 NY2d 890, affg on mem thereat 43 AD2d 622, 623; *Bronx Sav. Bank v Weigandt*, 1 NY2d 545, 551; *Hartol Prods. Corp. v Prudential Ins. Co. of Amer.*, 290 NY 44, 49). This principle requires that any ambiguity be construed against the insurer, since it is the insurance company which has the responsibility of making its intention clearly known *(Miller v Continental Ins. Co., supra; Hartol Prods. Corp. v Prudential Ins. Co. of Amer., supra).*

Here, the intention of the parties is patently clear from the provisions of the policy issued by defendant to its assured, Plains. The policy by its terms, extends coverage only to the named assured "and their subsidiary and affiliated companies or corporations". There is no expressed intention to cover any party other than the named assured. The property delineated within the coverage is described as "property belonging to the Assured, or in which the Assured may have an interest, or for which the Assured may be liable, or for which the Assured may have assumed liability prior to known loss or damage".

In order for a third party to enforce a policy of insurance, it must be demonstrated that the parties intended to insure the interest of him who seeks to recover on the policy. As with other contracts, unless it is established that there is an intention to benefit the third party, the third party will be held to be a mere incidental beneficiary, with no enforceable rights under the contract. The intention to benefit the third party must appear from the four corners of the instrument. The terms contained in the contract must clearly evince an intention to benefit the third person who seeks the protection of the contractual provisions. *(Flemington Nat. Bank & Trust Co. v Domler Leasing Corp.*, 65 AD2d 29; *Kornblut v Chevron Oil Co.*, 62 AD2d 831; *Bernal v Pinkerton's, Inc.*, 52 AD2d 760,

affd 41 NY2d 938; *MacKendrick v Newport News Shipbuilding & Dry Dock Co.,* 40 AD2d 798, affd 35 NY2d 681; *Cerullo v Aetna Cas. & Sur. Co.,* 41 AD2d 1; *Ramos v Shumavon,* 21 AD2d 4, affd 15 NY2d 610; 10 NY Jur, Contracts, § 239.)

The intention to cover the third party must be that of both parties to the insurance contract, as observed in Couch on Insurance (2d ed, vol 18, § 74:330):

"Where it clearly appears that a bond was given for the benefit of a third party, he may maintain an action on it in his own name. But in order for a third party to maintain an action against an insurer, an intent to make the obligation inure to the benefit of such person must clearly appear in the contract of insurance, and if any doubt exists, the contract should be construed against such intent.

"In order to be a third-party beneficiary entitled to recover on an insurance contract, it is not enough that it be intended by one of the parties to the contract and the third person that the latter should be a beneficiary. Both parties to the contract must so intend and must indicate that intention in the contract."

In *J & J Tile Co. v Feinstein* (43 AD2d 529, 530), we reversed an order granting summary judgment to plaintiff and directed dismissal of the complaint, finding no intention expressed in a guarantee of payment and performance to confer a benefit upon plaintiff as a third-party beneficiary, observing in this connection: "Regardless, however, of whether a bond or guarantee is involved, the question remains in each instance as to what the dominant purpose of the instrument was and whether there was an intent to confer a right to sue upon third parties. Here, the language of the instrument itself establishes that the dominant purpose was to protect the city and there is no indication of any intent to benefit third parties. Similar language, we note, has previously been construed to deny any right of action by third parties. (See *Duffy Co. v. Board of Educ.,* 255 App. Div. 493, affd. 280 N. Y. 773; cf. *New York Plumbers Specialties Co. v. Columbia Cas. Co.,* 13 A D 2d 449.)"

█ As applied here, it is clear that the policy issued by defendant did not express any intention to benefit plaintiffs. The provisions of the policy plainly designate only Plains as assured. Plaintiffs, as "strangers to the contract", have no rights as third-party beneficiaries in the absence of proof that

the parties to the contract intended such benefit. *(Cerullo v Aetna Cas. & Sur. Co., supra,* p 4.)

The situation here is readily distinguishable from cases involving special relationships such as bailments, property held in trust, on commission or by a custodian. Those and other similar phrases have been held sufficient to permit the owner of the property to take the place of the insured in an action brought under the policy (see *Exton & Co. v Home Fire & Mar. Ins. Co.,* 249 NY 258, 261; *Waring v Indemnity Fire Ins. Co.,* 45 NY 606, 610, 612; *Gordon v Franklin Fire Ins. Co. of Philadelphia,* 262 App Div 328, 330; *Utica Canning Co. v Home Ins. Co.,* 132 App Div 420, 425; *Klein v Sura Jewelry Mfg. Corp.,* 53 AD2d 854, 855; 11 Couch, Insurance [2d ed], §§ 42:330, 42:331, 42:332; Ann. 67 ALR2d 1241). The absence of any such phrase in this policy, or any express intention to confer a benefit on plaintiffs as third-party beneficiaries, is dispositive. Since no showing has been made to establish plaintiffs' rights to benefits under the policy, the motion for summary judgment should have been denied and the cross motion to dismiss the complaint should have been granted.

Accordingly, the order, Supreme Court, New York County (KORN, J.), entered November 16, 1978, which granted plaintiffs' motion for summary judgment on the issue of liability and directed an assessment of damages which denied defendant's cross motion for summary judgment dismissing the complaint, should be reversed, on the law, with costs on the appeal, plaintiffs' motion denied and defendant's cross motion for summary judgment dismissing the complaint granted.

KUPFERMAN, J. P., BIRNS, SANDLER and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on November 16, 1978, reversed, on the law, plaintiffs' motion denied and defendant's cross motion for summary judgment dismissing the complaint granted. Appellant shall recover of respondents $75 costs and disbursements of this appeal.