OPINION OF THE COURT
Alan LeVine, J.
The motion for summary judgment is granted as to defendants Hamburg Savings Bank, Olga Blair and Manufacturers Hanover Trust Company.
After careful examination of all the papers submitted on this motion and the Uniform Commerical Code, the court finds the following facts established in this case.
It would appear that Olga Blair purchased and paid for a Hamburg Savings Bank (hereinafter called HSB) teller’s check No. 11985 on July 28, 1980 in the amount of $3,000 to the order of Olga Blair. Ms. Blair indorsed the check “Pay to Simone Travel Bureau, Inc.” on July 28, 1980 and turned it over to one S. Reiss, a travel consultant. The check was purportedly used to pay the balance due on a trip to China ordered through Simone Travel Bureau, Inc.
On August 15, 1980 Simone Travel Bureau, Inc., contacted Ms. Blair requesting the balance of $3,000 due on *929 her trip. It was at this point that Ms. Blair obtained a copy of the indorsed check from HSB which she now claims was “altered and falsified by S. Reiss”. The back of the check now reads:
“S Reiss to
Pay to Simone Travel
Bureau, Inc.
Olga Blair
July 28, 1980
S. Reiss
University Funding Corporation X 22-058828”
It would seem that all parties to.this action concede the fact that “S. Reiss” was subsequently added to the check after Ms. Blair indorsed it to Simone Travel Bureau, Inc.
The plaintiff entered this case by allegedly giving $3,000 to S. Reiss on July 28, 1981 in exchange for the HSB teller’s check indorsed by Ms. Blair. The check was deposited in a branch bank of the defendant Manufacturers Hanover Trust (hereinafter called MHT) and credited on July 30, 1980. On December 5, 1980 defendant MHT debited the account of the plaintiff and refunded the amount of the check to Ms. Blair after she complained to MHT that the check was not paid to Simone.
The . court can only conclude from the stated facts that when Ms. Blair indorsed the HSB check she did so specially as stated in section 3-204 of the Uniform Commercial Code. “(1) A special indorsement specifies the person to whom or to whose order it makes the instrument payable. Any instrument specially indorsed becomes payable to the order of the special indorsee and may be further negotiated only by his indorsement.” The Official Comment “Purpose of Changes” states that “The principle here adopted is that the special indorser, as the owner even of a bearer instrument, has the right to direct the payment and to require the indorsement of his indorsee as evidence of the satisfaction of his own obligation. The special indorsee may of course make it payable to bearer again by himself indorsing in blank.” (McKinney’s Cons Laws of NY, Book 621/2, Uniform Commercial Code, p 115.)
*930 The mere fact that S. Reiss added his name above the special indorsement and then indorsed it himself and giving it to the plaintiff still does not remedy the fact that Simone Travel Bureau, Inc., never indorsed the check as-required under subdivision (1) of section 3-204 of the Uniform Commercial Code.
The plaintiff must also lose its argument that it is a holder in due course for several reasons. Firstly, the Uniform Commercial Code defines a holder in due course as follows (Uniform Commercial Code, § 3-302):
“(1) A holder in due course is a holder who takes the instrument
“(a) for value; and
“(b) in good faith; and
“(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.”
Following the language of subdivision (1) of section 3-302 of the Uniform Commercial Code one must be a holder first. A holder is defined in section 1-201 of the Uniform Commercial Code. “(20) ‘Holder’ means a person who is in possession of a document of title or an instrument on an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank.”
Therefore it is clear that the plaintiff cannot be a holder to this instrument since it was never indorsed to it by Simone or indorsed in blank.
Secondly, the plaintiff fails to meet the requirements of a holder in due course because of the nature of the altered indorsement which fact it clearly concedes. Section 3-304 of the Uniform Commercial Code states:
“(1) The purchaser has notice of a claim or defense if
“(a) the instrument is so incomplete, bears such visible evidence of forgery or alteration, or is otherwise so irregular as to call into question its validity, terms or ownership or to create an ambiguity as to the party to pay”. There can be no question that the plaintiff should have recognized the altered manner in which S. Reiss was added above the original indorsement and the irregular nature in which the instrument did not have Simone’s indorsement.
*931 Accordingly, the court finds as a matter of law that the plaintiff is not a holder in due course of the instrument in question. “The law is well settled that a party opposing a motion for summary judgment must assemble and lay bare affirmative proof to demonstrate the existence of a genuine triable issue of fact”. (Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 32.) Since there is no triable issue of fact the court must grant summary judgment to the defendants Blair, Manufacturers Hanover Trust and Hamburg Savings Bank and deny as to plaintiff, University Funding Corporation.