■ PHILIP PURPURA, Appellant, v CONTINENTAL CASUALTY COMPANY et al., Respondents.—In an action to recover under an insurance policy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 30, 1987, which denied his motion for partial summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In March 1985 the plaintiff Philip Purpura acquired an insurance policy from the defendants covering his business, Halesite Harbour Delicatessen & Caterers. The policy, entitled "Business Account Policy-Broad Form", contains, under the heading "Perils Not Insured", the following exclusions:

"We will not pay for loss caused by, resulting from, contributed to or aggravated by any of the following * * *

"4. *Windstorm,* frost, hail, ice, sleet, growth failure or disease to lawns, trees, shrubs or plants. * * *

"10. Contamination, dampness of atmosphere, *change of temperature,* corrosion or rust" (emphasis added).

On September 27, 1985, as a result of Hurricane Gloria, a power failure occurred and continued for three days. Consequently, the plaintiff suffered the loss of perishable foods contained on the premises in the amount of $12,000. The plaintiff informed the defendants of the loss and sought to recover under the insurance policy. The defendants thereafter disclaimed coverage, asserting that the claimed loss was a result of a specifically enumerated peril not insured. The Supreme Court, Suffolk County, agreed with the insurers' denial of coverage, rejecting the plaintiff's claim that the "change of temperature" exclusion applied purely to atmospheric conditions or, at the very least, was ambiguous and, as such, should be resolved in favor of coverage. We affirm, but for a different reason.

The law is clear that before an insurance company will be permitted to avoid policy coverage by virtue of an exclusion contained within its policy, the exclusion must be stated "in clear and unmistakable" language *(Kratzenstein v Western Assur. Co.,* 116 NY 54, 59) and the insurer must establish that the exclusion applies in the particular case and that it is subject to no other reasonable interpretation *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311).

We find the "change of temperature" exclusion contained in the policy at bar to be ambiguous since, read in context, and according it the meaning " 'which would be given it by the average man' " *(Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 33, *affd* 49 NY2d 924, quoting from *Berkowitz v New York Life Ins. Co.,* 256 App Div 324, 326), it may reasonably refer to changes in the weather *(cf., Kuo v Home Ins. Co.,* 117 AD2d 320; *Fawcett House v Great Cent. Ins. Co.,* 280 Minn 325, 159 NW2d 268; *Michigan Sugar Co. v Employers Mut. Liab. Ins. Co.,* 107 Mich App 9, 308 NW2d 684), which was not the cause of the loss suffered at bar.

The defendants were, nevertheless, properly permitted to avoid policy coverage by also asserting the denial of coverage under the exclusion in the policy for losses "caused by, resulting from, contributed to or aggravated by * * * [a w]indstorm" *(see,* 10A Couch, Insurance 2d § 42:346, at 455). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.