■ GEORGE CAMPBELL PAINTING CORP., Respondent, v FIREMAN'S FUND INSURANCE COMPANIES, Individually and as Parent Company of AMERICAN INSURANCE COMPANY and An-

other, et al., Appellants, et al., Defendants. [651 NYS2d 472] —Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered May 10, 1995, which, *inter alia*, granted plaintiff George Campbell Painting Corp.'s cross-motion for summary judgment declaring that the Fireman's Fund Insurance Companies, individually and as parent company of the American Insurance Company and National Surety Corporation (hereinafter collectively referred to as FFIC), had a duty to defend and indemnify plaintiff in the underlying personal injury action, unanimously reversed, to the extent appealed, on the law, without costs, plaintiff's cross-motion is denied, and summary judgment is granted declaring that FFIC has no duty to defend or indemnify plaintiff under the subject policy.

This declaratory judgment action presents the legal issue of the proper construction of an insurance agreement, specifically, whether plaintiff is a named insured, a matter properly to be determined by the court based upon the specific language of the policy (*State of New York v Home Indem. Co.*, 66 NY2d 669; *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169).

Plaintiff, in support of its position that it was an additional insured, relies upon an interpretation of the amended declarations page of the policy, originally designating Metro-North as the sole named insured, later designating that: "Name of the Named Insured is amended to read: METRO-NORTH COMMUTER RAILROAD CO. METROPOLITAN TRANSPORTATION AUTHORITY CONTRACTOR-GEORGE CAMBELL *[sic]* PAINTING CORP." However, the defendants' interpretation of this provision is logical and correct. Plaintiff's name was listed as contractor in distinction from Metro-North and the Metropolitan Transportation Authority (MTA) on the declaration page in order to narrow the scope of coverage provided to these entities under the policy, not to expand coverage to include plaintiff.

The policy specifically and consistently differentiates between the "insured" and the "contractor" throughout. Plaintiff is clearly designated "contractor" whenever its name appears in the document. The policy also states, with clarity, that "contractor" is defined as "the contractor designated in the Declarations and * * * does not include [the insured]." Further, the only mailing address listed for the insured in the "NAMED INSURED AND MAILING ADDRESS" section is 347 Madison Avenue, that of Metro-North and MTA. It is not the address of Campbell.

Further, the coverage under the policy extends to sums that the *insured* becomes obligated to pay arising from acts or omissions of the *contractor*.

It is, therefore, established that the policy was drafted to insure the railroad for the increased risk resulting from the contractor's work and not to insure the contractor (*Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, *affd* 49 NY2d 924).

Although defendant did not cross-move for summary judgment, an independent review of the unambiguous insurance policy reveals that such relief is warranted (CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106).

We have considered and rejected the plaintiff's additional contentions. Concur—Rosenberger, J. P., Ross, Williams, Mazzarelli and Andrias, JJ.