**PROVIDENCE WASHINGTON INSURANCE COMPANY**

v.

**VOLPE AND KOENIG, P.C.**

No. CIV.A. 05–2717.

United States District Court,
E.D. Pennsylvania.

Sept. 26, 2005.

C. Tyler Havey, Michael A. Hamilton, Cozen & O'Connor, Philadelphia, PA, for Providence Washington Insurance Company.

Samuel D. Hodge, Jr., Franklin & Valenza, Philadelphia, PA, for Volpe and Koenig, P.C.

*MEMORANDUM*

BARTLE, District Judge.

This is an action in which plaintiff, Providence Washington Insurance Company ("Providence Washington"), seeks a declaratory judgment that the policy of insurance it issued to defendant, Volpe and Koenig, P.C. ("Volpe"), excludes coverage for certain property damage it suffered. Presently before the court is the motion of Volpe for partial summary judgment under Rule 56 on the ground that the relevant

policy exclusion is ambiguous and unenforceable. Providence Washington has filed a cross-motion for summary judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure we may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 254, 106 S.Ct. 2505. We review all evidence and make all reasonable inferences from the evidence in the light most favorable to the non-movant. *See Wicker v. Consol., Rail Corp.*, 142 F.3d 690, 696 (3d Cir.1998). The non-moving party may not rest upon mere allegations or denials of the moving party's pleadings but must set forth specific facts showing there is a genuine issue for trial. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

The undisputed facts follow. On July 25, 2003, the computer system of Volpe, a law firm, "crashed." Members of the firm were not able to access data from their computer network or servers. That same day, Volpe contacted DJS Technologies Solutions ("DJS") to diagnose and fix the problem. According to DJS, when their technician arrived on Volpe's premises, he "found the temperature in the server room to be extremely hot due to a cooling failure." Though Volpe denies it was "extremely hot," it is undisputed that the change in temperature was the result of a cooling failure in the server room. These "heat issues" caused the "overheating" of the file server that resulted in the loss of data and required hardware replacement. Volpe paid approximately $135,000 to repair its computer system. On June 24, 2004, nearly eleven months after the "crash," Volpe submitted an insurance claim to Providence Washington for the losses and expenses it had incurred making the required repairs.

Providence Washington had issued a commercial property insurance policy to Volpe for the period of March 11, 2003 through March 11, 2004. It did not dispute Volpe's assertion that the computer equipment that "crashed" was "covered property" under the Computer Endorsement to the policy. Instead, the insurer's declination letter cites Volpe's delay in reporting the loss, the lack of a "covered cause of loss," and the application of Exclusion B.2.k.(7)(a) of its insurance policy as reasons for rejecting the claim. Providence Washington filed this declaratory judgment action on June 8, 2005.

The central issue before us is the meaning of Exclusion B.2.k.(7)(a) of the Computer Endorsement. It eliminates from coverage any damage caused by:

(a) Dampness or dryness of atmosphere, or *changes in or extremes of temperature*, unless such conditions result from physical damage caused by a covered cause of loss to an air conditioning unit or system, including equipment and parts, which is part of, or used with the electronic data processing equipment.

The words of an insurance policy must be interpreted in their "natural, plain, and ordinary sense." *Riccio v. American Republic Ins. Co.*, 550 Pa. 254, 705 A.2d 422, 426 (1997) (internal citation omitted). When the policy language at issue in an insurance policy is clear and unambiguous, the court must give effect to the language of the contract. *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 901 (3d

Cir.1997). A court should, if possible, interpret an insurance agreement to avoid ambiguity and give effect to all its provisions. *Medical Protective Co. v. Watkins,* 198 F.3d 100, 103 (3d Cir.1999); *Visiting Nurse Ass'n of Greater Philadelphia v. St. Paul Fire & Marine Ins. Co.,* 65 F.3d 1097 (3d Cir.1995). If the policy is ambiguous, the policy provision must be construed against the insurer as the drafter of the agreement. *See Scirex Corp. v. Federal Ins. Co.,* 313 F.3d 841 (3d Cir.2002); *Bateman v. Motorists Mutual Ins. Co.,* 527 Pa. 241, 590 A.2d 281 (1991). "An ambiguity exists when the questionable term or language, viewed in the context of the entire policy, is reasonably susceptible of different constructions and capable of being understood in more than one sense." *J.C. Penney Life Ins. Co. v. Pilosi,* 393 F.3d 356, 363 (3d Cir.2004) (internal quotation marks and citation references omitted).

■ The Exclusion provides that the insurer will not pay for loss or damage caused by or resulting from ... "changes in or extremes of temperature" except under limited circumstances. It is undisputed that a change in temperature occurred because of a cooling failure in the server room. Volpe contends the clause is ambiguous and therefore this court should refuse to enforce it. The insurer argues to the contrary.

The exclusion precludes coverage when the damage or loss occurs either due to changes in temperature or extremes of temperature. Damage or loss caused by any change in temperature, no matter how subtle, over any period is not covered with an exception we will discuss later. The "extremes of temperature" clause allows the insurer to deny coverage where constant, yet excessive, heat or cold caused the loss.

Contrary to Volpe's fear, the exclusion at issue does not allow Providence Washington to deny computer coverage in all cases where there is any detectable temperature fluctuation. The exclusion applies only when the damage or loss is caused by or results from the change in temperature, not in situations where there may have been a change in temperature but the damage or loss reported in the claim occurs due to some other factor. What the cause of any loss may be, of course, is always a matter of proof. In this case it is undisputed the loss was caused by a cooling failure in the server room.

Finally, Volpe maintains that the exclusion at issue is ambiguous because in its view it could reasonably be read to refer only to outdoor or atmospheric temperature changes, or in any event is ambiguous as to whether it includes indoor temperature variation. Such confusing results, says Volpe, require this court to find the clause unenforceable. Volpe directs our attention to several cases from other states and federal courts of appeals that have found *similar* language ambiguous. *See Blaine Constr., Co. v. Ins. Co. of N. America,* 171 F.3d 343 (6th Cir.1999); *Purpura v. Continental Cas. Co.,* 143 A.D.2d 741, 533 N.Y.S.2d 302 (2d Dep't 1998). Indeed, the courts in those cases found that the "change in temperature" clauses did not specify whether they applied to fluctuations of temperature indoors or changes in the outdoor atmosphere or weather conditions. Volpe argues that the exclusion before us suffers from the same ambiguity. The insurer counters that the exception contained in the exclusion here is significantly different from what was included in the policies in the cases cited by Volpe and bars coverage when loss is caused by changes in or extremes of indoor temperature. We agree.

Exempted from the scope of the Exclusion are changes in or extremes of temperature resulting from "physical damage

caused by a covered cause of loss to an air conditioning unit or system, including equipment and parts, which is part of, or used with the electronic data processing equipment." As a result, coverage is provided when an air-conditioning system is damaged by a covered cause of loss resulting in changes in temperature that damage computer equipment. Air-conditioning affects only indoor temperatures. Thus, the language in the exclusion carve-out referencing air-conditioning damage causing a change in temperature would be totally meaningless if the exclusion for damage due to changes in or extremes of temperature signified only outdoor or atmospheric temperature. Giving the policy exclusion its "natural, plain, and ordinary" meaning, "changes in or extremes of temperature" clearly includes indoor temperature unaffected by outdoor temperature. *Riccio v. American Republic Ins. Co.,* 550 Pa. 254, 705 A.2d 422, 426 (1997) (internal citation omitted). As a result, the property damage to the Volpe computer equipment is not covered under the Providence Washington insurance policy.

Volpe's bad faith claim must also fail because the insurance policy at issue excludes coverage for the property loss in this case. *See Bostick v. ITT Hartford Group, Inc.,* 56 F.Supp.2d 580, 587 (E.D.Pa.1999); *J.H. France Refractories v. Allstate Ins. Co.,* 534 Pa. 29, 626 A.2d 502, 510 (1993); *Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 437 Pa.Super. 108, 649 A.2d 680, 690 (1994).

Accordingly, we will grant the motion of Providence Washington Insurance Company for summary judgment and deny the motion of Volpe and Koenig, P.C. for partial summary judgment.

### ORDER

AND NOW, this 26th day of September, 2005, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of the defendant Volpe and Koenig, P.C. for partial summary judgment is DENIED; and

(2) the motion of the plaintiff Providence Washington Insurance Company for summary judgment is GRANTED; and

(3) judgment is entered in favor of plaintiff Providence Washington Insurance Company and against defendant Volpe and Koenig, P.C.