■ I.S.A. IN NEW JERSEY, INC., Appellant, v EFFECTIVE SECURITY SYSTEMS, INC., et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Patsalas, J.), dated May 4, 1987, which granted the defendants' motion to dismiss the complaint, with leave to replead, and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is modified by deleting therefrom the provision granting that branch of the defendants' motion which was to dismiss the third cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted for an immediate trial on the issue of whether the plaintiff is a "covered person" under the

insurance policy of Effective Security Systems, Inc., and for a determination as to whether the County of Westchester is a necessary party to this suit.

The plaintiff and the County of Westchester entered into a contract whereby the plaintiff agreed to provide 24-hour-a-day security guards to protect a transfer station owned and operated by the county, against, *inter alia,* theft and vandalism. The plaintiff subcontracted the service to the defendant Effective Security Systems, Inc. (hereinafter Effective), which also agreed to purchase a policy of insurance covering its employees' negligence. As a result of a burglary and theft in one building at the transfer station, the county lost personal property worth approximately $25,000. The defendant American International Adjustment Company (hereinafter American) refused to pay the proceeds of the policy issued by it to the defendant Effective to the county. The plaintiff then brought this action sounding in breach of contract and negligence against Effective and asserted a cause of action against American and Effective on the insurance policy to recover $25,000 in damages.

The Supreme Court, Orange County, was correct in granting the defendants' motion to dismiss the first two causes of actions under CPLR 3211. Until such time as Westchester County brings an action against the plaintiff sounding in breach of contract or negligence, the plaintiff possesses no legal or beneficial interest in the stolen property and consequently cannot maintain an action to recover for its loss. If and when such an action is brought by the county, the plaintiff can implead Effective pursuant to CPLR 1007.

Third persons who are covered under a liability insurance policy and are thus entitled to maintain an action on the policy must be ascertained from the intention of the parties to the policy, as determined from the four corners of the policy itself *(Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, *affd* 49 NY2d 924; 8 Appleman, Insurance Law and Practice § 4831). The Supreme Court, Orange County, determined that the plaintiff had no standing to sue on the insurance policy without examining the policy itself which is not part of this record. Likewise, absent the insurance policy, the Supreme Court, Orange County, could not determine if the county is covered under the insurance policy and is therefore a necessary party to an action against Effective and American to recover the proceeds of the policy (CPLR 1001). The Supreme Court, Orange County, should not have granted the defendants' motion without a hearing to receive evidence on these

matters. Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.