■ MICHELE B. GELB, Individually and as Administratrix of the Estate of HENRY GELB, Deceased, et al., Appellants, v ELROY ENTERPRISES, INC., et al., Respondents.—In an action for a judgment declaring that the defendants are liable to the plaintiffs under a policy of insurance for damages incurred in an accident occurring on April 28, 1986, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered October 20, 1989, which denied their motion for summary judgment.

Ordered that the order is affirmed, with costs to the respondent Hartford Accident and Indemnity Company.

The law is settled that when the terms and conditions of a policy of insurance are clear and unambiguous, the construction of the policy presents questions of law to be determined by the court *(see, Dubay v Trans-America Ins. Co.,* 75 AD2d 312, 316). If, however, there is ambiguity in the terminology used in an insurance policy and the determination of the intent of the parties depends upon the credibility of extrinsic evidence or a choice among reasonable inferences to be drawn from extrinsic evidence, then such a determination is to be made by a jury. On the other hand, if the ambiguity must be resolved wholly without reference to extrinsic evidence, the issue is to be determined as a question of law by the court *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Dubay v Trans-America Ins. Co., supra).*

The umbrella policy at issue is not clear and unambiguous. The policy excludes "any claim for Uninsured or Underin-

sured Motorists Coverage, unless [it] is endorsed to provide such coverage". While the policy does not contain an endorsement which specifically provides such coverage, it does incorporate by reference the underlying automobile policy which includes coverage for uninsured and underinsured motorists. Thus, the intention of the parties may not be gathered from the four corners of the instrument (see, *Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp.*, 81 AD2d 168, 180). Moreover, there is relevant evidence extrinsic to the insurance policy bearing on the intention of the parties at the time of its execution. In affidavits submitted by the plaintiffs in support of their motion for summary judgment, both William A. Forrest, Financial Vice President of the defendant Elroy Enterprises, Inc., and Frank M. Viollis, the insurance broker who negotiated the policies, averred that it was the intention of the defendants to provide coverage for uninsured and underinsured motorists in the umbrella policy. Therefore, there is a question of credibility to be determined by a jury (see, *Hartford Acc. & Indem. Co. v Wesolowski, supra*), and summary judgment was properly denied. Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.