■ TILDEN COMMERCIAL ALLIANCE, INC., Plaintiff, v 2ND EDITION ORIGINALS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. HOME INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [664 NYS2d 951] —In an action to recover the proceeds of an automobile insurance policy, Home Insurance Company appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated August 2, 1996, as denied its motion pursuant to CPLR 3211 (a) (3) to dismiss the third-party complaint insofar as asserted against it or for summary judgment dismissing the third-party complaint insofar as asserted against it, and (2) from an order of the same court, dated December 19, 1996, which denied its motion, in effect, for reargument of its prior motion.

Ordered that the appeal from the order dated December 19,

1996, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 2, 1996, is modified, on the law, by deleting the provision thereof which denied that branch of the motion of Home Insurance Company pursuant to CPLR 3211 (a) (3) which was to dismiss the third-party complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to Home Insurance Company, and the third-party complaint is dismissed insofar as asserted against Home Insurance Company.

The insurance policy issued by Home Insurance Company (hereinafter Home) to Sandra Levine, the named insured, did not express any intention to benefit the third-party plaintiffs 2nd Edition Originals, Inc., and Abie Moskowitz. Instead, the subject policy, by its terms, afforded coverage only to Sandra Levine, and to two parties who are identified as additional insureds under the policy, Auto Europa Imported Cars, Ltd., and Platinum Resource Group. As a result, since the third-party plaintiffs are not intended third-party beneficiaries of the insurance policy, they may not seek enforcement of Home's obligations under that policy (*see, Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 34, *affd* 49 NY2d 924; *Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6). Thus, the Supreme Court should have dismissed the third-party complaint insofar as asserted against Home. O'Brien, J. P., Sullivan, Altman and McGinity, JJ., concur.