■ Gaetano Binasco et al., Plaintiffs, v Break-Away Demolition Corp., Appellant, and American Telephone & Telegraph Co., Defendant and Third-Party Plaintiff-Respondent. Construction Associates, Inc., Third-Party Defendant. [681 NYS2d 309] —In an action to recover damages for personal injuries, the defendant Break-Away Demolition Corp. appeals from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered July 25, 1997, as granted that branch of the motion of the defendant American Telephone & Telegraph Company which was for partial summary judgment compelling the appellant to defend and indemnify it in the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Gaetano Binasco, an employee of the third-party defendant Construction Associates, Inc. (hereinafter

Construction Associates), was injured while working at a construction site owned by the defendant third-party plaintiff American Telephone & Telegraph Company (hereinafter AT&T). AT&T entered into a general construction contract (hereinafter the Prime Contract) with Construction Associates, pursuant to which Construction Associates was obligated to name AT&T as an additional insured. Thereafter, Construction Associates entered into a subcontract with the appellant, Break-Away Demolition Corp. (hereinafter Break-Away) to undertake the demolition portion of the project. The plaintiffs brought this action to recover damages from AT&T and Break-Away. Although Break-Away's insurer, Homestead Insurance Company (hereinafter Homestead), had named AT&T as an additional insured under the Comprehensive General Liability policy issued to Break-Away, Homestead declined coverage to AT&T. AT&T moved for summary judgment, *inter alia*, to compel Break-Away to defend and indemnify it in the action, and the court granted that branch of the motion.

Break-Away contends that since its subcontract with Construction Associates did not expressly require Break-Away to name AT&T as an additional insured in the Homestead Comprehensive General Liability policy, AT&T was not an intended third-party beneficiary entitled to indemnification. It is well settled, however, that "[t]hird persons who are covered under a liability insurance policy and are thus entitled to maintain an action on the policy must be ascertained from the intention of the parties to the policy, as determined from the four corners of the policy itself" (*I.S.A. in N.J. v Effective Sec. Sys.*, 138 AD2d 681, 682; *see, Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 34, *affd* 49 NY2d 924; *cf., Tilden Commercial Alliance v 2nd Edition Originals*, 242 AD2d 702). It is the terms of the Homestead policy, therefore, and not the subcontract between Construction Associates and Break-Away, which must be examined to determine the issue of indemnification. As it is undisputed that AT&T was expressly named as an additional insured under the terms of the Homestead policy, the court did not err in granting that branch of AT&T's motion which was for summary judgment to compel Break-Away to defend and indemnify it in the action.

Break-Away's argument that it did not intend to name AT&T as an additional insured is unsupported by the record. Pursuant to Article 1 of the subcontract between Construction Associates and Break-Away, the Prime Contract was incorporated by reference into the subcontract documents. The insurance clause of the Prime Contract obligated Construction Associates

to require all of its subcontractors to maintain Comprehensive General Liability insurance which expressly designated AT&T as an additional insured. Moreover, the subcontract provides for indemnification to AT&T as the property owner, as well as to Construction Associates as the general contractor, in the event of personal or property damage. Miller, J. P., Thompson, Pizzuto, McGinity and Luciano, JJ., concur.