■ PALERMO MASON CONSTRUCTION, INC., Respondent-Appellant, v AARK HOLDING CORP., Also Known as AARK CONSTRUCTION CORP., Defendant, and HOME DEPOT U.S.A., INC., Appellant-Respondent. [752 NYS2d 99] —In an action, inter alia, to recover damages for fraudulent conveyance, (1) the defendant Home Depot U.S.A., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 25, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the plaintiff, Palermo Mason Construction, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion to strike the pleadings of the defendant Home Depot U.S.A., Inc., for failure to comply with discovery notices and a discovery order, and denied its cross motion for leave to amend its complaint to assert an additional third-party beneficiary claim against the defendant Home Depot U.S.A., Inc.

Ordered that the order is modified, on the law, by deleting

the provision thereof denying the motion for summary judgment and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with costs to Home Depot U.S.A., Inc., the complaint is dismissed insofar as asserted against that defendant, and the action against the remaining defendant is severed.

In September 1993 the defendants Home Depot U.S.A., Inc. (hereinafter Home Depot), and Aark Holding Corp., also known as Aark Construction Corp. (hereinafter Aark), entered into a general construction contract for the construction of a Home Depot store located in Middletown, New York. The plaintiff, Palermo Mason Construction, Inc. (hereinafter Palermo), was a masonry subcontractor hired by Aark to construct the outer masonry walls, concrete footing, and foundation walls. However, during the construction of the store in December 1993, masonry walls constructed by Palermo collapsed. A series of lawsuits followed, during which Palermo obtained a default judgment against Aark for unpaid contract balances. The judgment remained unsatisfied, even though Home Depot paid Aark in full under the general construction contract. Thus, Palermo commenced this action against Aark and Home Depot, asserting, inter alia, intended third-party beneficiary claims under the general construction contract.

Contrary to Palermo's contention, neither Home Depot nor Aark intended their contract to benefit Palermo as a third-party beneficiary (*see Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652; *Lake Placid Club Attached Lodges v Elizabethtown Bldrs.,* 131 AD2d 159; *cf. Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448). Consequently, Palermo cannot recover directly from Home Depot the unpaid balance of its subcontract with Aark (*see Port Chester Elec. Constr. Corp. v Atlas, supra*). This is especially true where, as here, Home Depot had paid Aark in full under the terms of their contract. Accordingly, the Supreme Court properly denied Palermo's cross motion for leave to amend its complaint to assert an additional third-party beneficiary claim since the proposed amendment was devoid of merit (*see Leszczynski v Kelly & McGlynn,* 281 AD2d 519). For the same reasons, the Supreme Court erred in denying that branch of Home Depot's motion which was for summary judgment dismissing Palermo's originally pleaded third-party beneficiary claim.

Furthermore, Home Depot demonstrated its entitlement to summary judgment with respect to Palermo's claim that Aark fraudulently conveyed assets to Home Depot by way of an assignment executed on October 1, 1997. In this document, Aark

assigned to Home Depot all of its "right, title and interest in monies, insurance proceeds, policies, claims it had against any entity" in connection with the project, ostensibly because it could no longer afford to carry on litigation arising out of the wall collapses. This included Aark's pending insurance claims whose proceeds Home Depot was already entitled to receive.

A fraudulent conveyance is a transfer made without fair consideration by a debtor when he or she is insolvent or which renders him or her insolvent (*see* Debtor and Creditor Law § 273) or by a defendant in an action for money damages who is unable to satisfy a judgment that the plaintiff finally obtains (*see* Debtor and Creditor Law § 273-a). Assuming for the purposes of this motion that Aark was insolvent at the time of the assignment, Palermo was also required to show that the assignment was made without fair consideration (*see Gelbard v Esses,* 96 AD2d 573). Satisfaction of an antecedent debt or obligation constitutes fair consideration (*see Matter of American Inv. Bank v Marine Midland Bank,* 191 AD2d 690). Home Depot presented ample evidence of Aark's extensive preexisting debt/obligation to it arising from the 1993 general construction contract and a 1994 supplementary agreement and that the assignment was intended to partially satisfy that debt.

Accordingly, Home Depot is entitled to summary judgment dismissing the complaint insofar as asserted against it.

The parties' remaining contentions are either unpreserved for appellate review or without merit. Smith, J.P., Goldstein, Friedmann and Mastro, JJ., concur.