■ KENNETH CHUMSKY et al., Plaintiffs, v DANNA CONSTRUCTION CORP. et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, et al., Defendants. UTICA FIRST INSURANCE COMPANY, Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendants. [757 NYS2d 471] —In an action to recover damages for personal injuries, etc., the third-party defendant Utica First Insurance Company appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated December 21, 2001, as denied that branch of its motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it, and the defendants third-party plaintiffs cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment declaring that the third-party defendant Utica First Insurance Company is obligated to defend and indemnify them in the main action.

Ordered that the order is reversed insofar as appealed from, that branch of the motion of the third-party defendant Utica First Insurance Company which was for summary judgment dismissing the third-party complaint insofar as asserted against it is granted, the third-party complaint is dismissed insofar as asserted against Utica First Insurance Company, and the third-party action against the remaining third-party defendants is severed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to Utica First Insurance Company.

The plaintiffs brought the instant action against, among others, the defendants third-party plaintiffs Danna Construction Corp., Danna Equipment Corp., and Constance Cincotta (hereinafter collectively referred to as Danna Construction) to recover damages for personal injuries allegedly sustained in a construction accident. Thereafter, Danna Construction brought a third-party action against, among others, Utica First Insurance Company (hereinafter Utica First), to compel it to defend and indemnify Danna Construction Corp. in the main action pursuant to an insurance policy issued by Utica First to the injured plaintiff's employer, the third-party defendant Gregory Kirkham.

The Supreme Court erred in denying that branch of Utica First's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it. Danna Construction was not named as an additional insured under the policy issued to Kirkham. Therefore, coverage did not exist for Danna Construction, and Utica First had no obligation to timely disclaim coverage (*see Zappone v Home Ins. Co.,* 55 NY2d 131, 138 [1982]; *Presbyterian Hosp. in City of N.Y. v Aetna Life & Cas. Co.,* 222 AD2d 492, 493 [1995]; *cf. Greater N.Y. Mut. Ins. Co. v Clark,* 205 AD2d 857, 858 [1994]). Altman, J.P., Smith, McGinity and Crane, JJ., concur.