■ BHARAT SHAH et al., Respondents, v CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, Appellant, and WILLIAM J. CHABINA Co., INC., et al., Respondents. [757 NYS2d 870] —In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Cambridge Mutual Fire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated August 1, 2002, as, upon reargument, adhered to the original determination in an order of the same court, entered April 4, 2002, denying its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the order entered April 4, 2002, is vacated, the motion for summary judgment is granted, the complaint and all cross claim are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

This action was commenced, inter alia, to recover damages for breach of an insurance policy issued by the appellant, Cambridge Mutual Fire Insurance Company. The policy covered the plaintiffs' losses resulting from a fire that occurred on February 14, 1998, at their residence. The appellant paid the plaintiffs $53,500 to cover their losses. On May 22, 2000, the appellant refused to make any further payments because the plaintiffs had violated the appraisal procedure mandated by the policy.

This action seeks recovery of the additional money that the plaintiffs alleged is owing under the terms of the policy. The appellant moved for summary judgment on the ground that the action was barred by the two-year contractual time limitation contained in an endorsement to the policy. The endorsement expressly replaced a provision in the body of the policy which required the insured to bring an action within one year after the date of the loss. The Supreme Court denied this motion, finding an ambiguity as to the parties' intent with respect to the contractual time limitation. The Supreme Court held that by striking the one year provision from the policy a question of fact existed as to whether the parties intended for any time limitation period to apply.

The appellant moved for reargument which the Supreme

Court granted but, upon reargument, adhered to its denial of summary judgment. We reverse.

"[I]n construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement * * * An insurance contract should not be read so that some provisions are rendered meaningless" (*County of Columbia v Continental Ins. Co.,* 83 NY2d 618, 628 [1994]; *see Jefferson Ins. Co. of N.Y.. v Travelers Indem. Co.,* 92 NY2d 363, 370 [1998]; *Hamilton v Khalife,* 289 AD2d 444, 445 [2001]). Pursuant to the terms of the endorsement, the plaintiffs were required to commence this action within two years after the "date of loss." There is no ambiguity regarding the limitations period in the parties' insurance policy. It is undisputed that this action was not commenced within the agreed-upon two-year time period. Thus, the appellant satisfied its burden of establishing prima facie its entitlement to judgment as a matter of law, and the plaintiffs in opposition failed to demonstrate the existence of a triable issue of fact (*see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967-968 [1988]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court erred in denying the appellant's motion for summary judgment.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.