█ SEARS, ROEBUCK AND Co., Appellant, v ZURICH NORTH AMERICA INSURANCE COMPANY et al., Respondents. [794 NYS2d 110]—

In an action for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in seven underlying actions pending in the Supreme Court, Kings County, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Jamieson, J.), entered November 3, 2003, which denied its motion for summary judgment declaring that the defendants are obligated to defend and indemnify it in the underlying actions and granted the defendants' cross motion for summary judgment, and (2), as limited by its brief, from so much of an order of the same court entered March 29, 2004, as, upon granting, in effect, reargument, adhered to the prior determination.

Ordered that the appeal from the order entered November 3, 2003, is dismissed, as that order was superseded by the order entered March 29, 2004, made upon reargument; and it is further,

Ordered that the order entered March 29, 2004, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendants are not obligated to defend

and indemnify the plaintiff in the underlying actions; and it is further,

Ordered that one bill of costs is awarded to the defendants.

A review of the insurance policies at issue here reveals that the plaintiff was an incidental rather than an intended beneficiary thereof (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38 [1985]; *Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198 [2004]; *Chumsky v Danna Constr. Corp.*, 304 AD2d 604 [2003]; *Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337 [2003]; *Tilden Commercial Alliance v 2nd Edition Originals*, 242 AD2d 702 [1997]). Since the plaintiff was not an intended beneficiary of the policies, it cannot enforce the policies against the defendants until it satisfies the requirements of Insurance Law § 3420 (*see Lang v Hanover Ins. Co.*, 3 NY3d 350 [2004]). Thus, the Supreme Court properly denied the plaintiff's motion for summary judgment declaring that the defendants are obligated to defend and indemnify it in the underlying actions and granted the defendants' cross motion for summary judgment.

Since this is an action for a declaratory judgment, the Supreme Court should have directed the entry of a judgment declaring that the defendants are not obligated to defend or indemnify the plaintiff in the underlying actions (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

In light of our determination, we need not reach the plaintiff's remaining contentions. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.