■ SUPERIOR ICE RINK, INC., Appellant, v NESCON CONTRACTING CORP., Doing Business as A1 DISCOUNT PAINTING, et al., Respondents, and SEIGERMAN-MULVEY COMPANY, INC., Appellant. [861 NYS2d 362]—

In an action, inter alia, to recover damages for breach of contract and, in effect, for a judgment declaring that the defendant Merchants Mutual Marine Insurance Company is obligated to defend and indemnify the plaintiff in underlying personal injury actions entitled *Dominguez v Superior Ice Rink, Inc.*, and *Reyes v Superior Ice Rink, Inc.*, commenced in the Supreme Court, Kings County, under index Nos. 30609/03 and 1187/04, respectively, the defendant Seigerman-Mulvey Company, Inc., appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered January 25, 2007, and the plaintiff cross-appeals from so much of the same order as granted the motion of the defendant Merchants Mutual Insurance Company, in effect, for summary judgment dismissing the complaint insofar as asserted against it and declaring that it is not so obligated, denied the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against the defendant Merchants Mutual Insurance Company and declaring that the defendant Merchants Mutual Insurance Company is obligated to defend and indemnify it in the underlying personal injury actions, and denied that branch of the plaintiff's separate cross motion which was for leave to amend the complaint to assert new causes of action against the defendant Merchants Mutual Insurance Company.

Ordered that the appeal by the defendant Seigerman-Mulvey Company, Inc., is dismissed as academic, in light of the subsequent dismissal of the complaint insofar as asserted against that defendant (*see Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 40 AD3d 963 [2007]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendant Merchants Mutual Insurance Company, in effect, for summary judgment dismissing the complaint insofar as asserted against it and declaring that it is not obligated to defend and indemnify the plaintiff in the underlying personal injury actions, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying the cross motion of the plaintiff for summary judgment on the complaint insofar as asserted against the defendant Merchants Mutual Insurance Company and declaring that the defendant Merchants Mutual Insurance Company is obligated to defend and indemnify it in

the underlying personal injury actions, and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as cross-appealed from, with costs to the plaintiff payable by the defendant Merchants Mutual Insurance Company, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant Merchants Mutual Insurance Company is obligated to defend and indemnify the plaintiff in the underlying personal injury actions.

In 2003 the defendant Nescon Contracting Corp., doing business as A1 Discount Painting (hereinafter Nescon), contracted with the plaintiff Superior Ice Rink, Inc. (hereinafter Superior), to paint the roof of Superior's facility. Superior's manager and Nescon's principal orally agreed that in order for Nescon to perform any work, Nescon had to name Superior as an additional insured under an insurance policy issued to Nescon by the defendant Merchants Mutual Insurance Company (hereinafter Merchants).

Nescon then requested that its insurance broker, the defendant Seigerman-Mulvey Company, Inc. (hereinafter Seigerman-Mulvey), add Superior as an additional insured under Nescon's insurance policy. A "certificate of liability insurance," indicating that Superior was an additional insured under that policy, was then issued to Superior.

Subsequently, two of Nescon's workers, who were injured while painting Superior's roof, commenced personal injury actions against Superior. Superior sought to have Merchants defend and indemnify it in those actions. However, Merchants disclaimed coverage.

Superior then commenced the instant action against the defendants. The only cause of action Superior set forth against Merchants was one to recover damages for breach of contract, which, in effect, also sought a judgment declaring that Merchants is obligated to defend and indemnify Superior in the underlying actions. In support of that cause of action, Superior alleged that it was an additional insured under Nescon's policy, that Merchants owed it an obligation to defend and indemnify it in the underlying actions and breached that obligation, and that it "sustained substantial damages" in that it "was forced to . . . defend the lawsuits" and "incur the financial liability that resulted" therefrom.

Merchants then moved for summary judgment dismissing the complaint insofar as asserted against it, and for summary judgment declaring that it was not obligated to defend and indemnify Superior in the underlying actions. In response, Superior, inter

alia, cross-moved for summary judgment on its cause of action against Merchants to recover damages for breach of contract, and for summary judgment declaring that Merchants was obligated to defend and indemnify it in the underlying actions.

When determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself (*see Binasco v Break-Away Demolition Corp.*, 256 AD2d 291, 292 [1998]; *I.S.A. In N.J. v Effective Sec. Sys.*, 138 AD2d 681, 682 [1988]). Here, an endorsement to Nescon's policy provides, in a section entitled "additional insureds-by contract, agreement or permit," inter alia, that any organization Nescon was required by "a written contract, agreement or permit" to name as an insured would be included as an insured with respect to liability arising out of Nescon's work performed for that organization at the location designated in "the contract, agreement or permit."

When the terms and conditions of an insurance policy are clear and unambiguous, the construction of the policy presents questions of law to be determined by the court (*see Gelb v Elroy Enters.*, 170 AD2d 481 [1991]). Merchants contends that it is clear that the word "written" in the phrase "written contract, agreement or permit" modifies the words "contract," "agreement" and "permit," and hence, that Superior was not an additional insured because Nescon was not required by a written contract, written agreement or written permit to name Superior as an insured under Nescon's policy. However, since the word "written" could also be reasonably interpreted to only modify the word "contract," we find that the phrase is ambiguous (*see Travelers Indem. Co. of Am. v Royal Ins. Co. of Am.*, 22 AD3d 252, 253 [2005]).

If there is an ambiguity in an insurance policy, the parties to the policy may, as an aid in construction, submit extrinsic evidence of their intent at the time of contracting (*see State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]; *Newin Corp. v Hartford Acc. & Indem. Co.*, 62 NY2d 916, 919 [1984]; *City of New York v Evanston Ins. Co.*, 39 AD3d 153, 156 [2007]). If the determination of the parties' intent depends on the credibility of that extrinsic evidence, or a choice among reasonable inferences to be drawn therefrom, then a determination of the parties' intent is to be made by a jury (*see Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1973]; *Gelb v Elroy Enters., Inc.*, 170 AD2d at 481).

Here, however, Merchants failed to offer any extrinsic evidence of its or Nescon's intent at the time of contracting. If an

ambiguity can be resolved wholly without reference to extrinsic evidence, the issue of the intent of the parties to the insurance policy is to be determined as a question of law for the court (*see Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d at 172; *City of New York v Evanston Ins. Co.*, 39 AD3d at 156; *Gelb v Elroy Enters., Inc.*, 170 AD2d at 481). Under those circumstances, the ambiguity must be resolved against the insurer, which drafted the policy (*see Tri Town Antlers Found. v Fireman's Fund Ins. Co.*, 76 NY2d 841, 842 [1990]; *State of New York v Home Indem. Co.*, 66 NY2d at 671-672; *City of New York v Evanston Ins. Co.*, 39 AD3d at 156-157).

Applying these principles, we conclude that Nescon's policy must be interpreted as providing that any organization Nescon was required by an oral or written agreement to name as an insured under the policy would be an additional insured under the policy. Since the record demonstrates that Nescon was required by an oral agreement to name Superior as an insured under the policy, the Supreme Court should have granted Superior's cross motion for summary judgment on the complaint insofar as asserted against Merchants and declaring that Merchants is obligated to defend and indemnify Superior in the underlying personal injury actions, and denied Merchants' motion, in effect, for summary judgment dismissing the complaint insofar as asserted against Merchants and declaring that it is not so obligated.

Superior's remaining contentions are without merit.

Since this is, in part, in effect, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that Merchants is obligated to defend and indemnify Superior in the underlying personal injury actions (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.