■ ANTHONY MICHAEL FRANCIS D'ANGELO et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants. [6 NYS3d 135]—

In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Iannacci, J.), entered June 6, 2014, which granted the motion of the defendant Allstate Insurance Company for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiffs correctly contend that while parties are free to agree to shorten a statute of limitations, the new time period must be reasonable. However, contrary to the plaintiffs' contention, a one-year time limitation provision for commencing an action under a policy of insurance, such as the subject provision, is valid and enforceable (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967-968 [1988]; *Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820, 822 [1985]; *Brown v Royal Ins. Co. of Am.*, 210 AD2d 279, 279 [1994]; *cf. Executive Plaza, LLC v Peerless Ins. Co.*, 22 NY3d 511 [2014]). Accordingly, the subject provision, which required that an action be commenced within one year after the date of the loss, was not unreasonable.

The plaintiffs' contention that the subject provision is ambiguous is without merit. This Court has held on many occasions that the phrase "date of loss" refers "to the date of the catastrophe insured against" (*Roberts v New York Prop. Ins. Underwriting Assn.*, 253 AD2d 807, 807 [1998], citing *Costello v Allstate Ins. Co.*, 230 AD2d 763 [1996]; *see Vaccaro v New York Cent. Mut. Fire Ins. Co.*, 116 AD3d 839, 840 [2014]; *Shah v Cambridge Mut. Fire Ins. Co.*, 304 AD2d 815, 816 [2003]; *cf. McGowan v Great N. Ins. Co.*, 105 AD3d 714, 715 [2013]).

Here, Allstate made a prima facie showing of its entitlement to judgment as a matter of law by presenting the subject provision, and by establishing that the plaintiffs commenced this action after the expiration of that period (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d at 967-968; *Vaccaro v New York*

*Cent. Mut. Fire Ins. Co.*, 116 AD3d at 840). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Allstate's motion for summary judgment dismissing the complaint insofar as asserted against it (*see e.g. Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d at 822; *Vaccaro v New York Cent. Mut. Fire Ins. Co.*, 116 AD3d at 840). Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.