County of Nassau v Technology Ins. Co., Inc. (2019 NY Slip Op 05954)





County of Nassau v Technology Ins. Co., Inc.


2019 NY Slip Op 05954


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-12731
 (Index No. 603075/14)

[*1]County of Nassau, et al., appellants,
v
Technology Insurance Co., Inc., et al., respondents.


Carnell T. Foskey, County Attorney, Mineola, NY (Christi Kunzig and Robert F. Van der Waag of counsel), for appellants.
Rubin, Fiorella & Friedman LLP, New York, NY (Paul Kovner of counsel), for respondent Technology Insurance Co., Inc.
Gerber Ciano Kelly Brady, LLP, New York, NY (Brian W. McElhenny of counsel), for respondent Looks Great Services, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 28, 2016. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the first cause of action, for a judgment declaring that the defendant Technology Insurance Co., Inc., is obligated to defend and indemnify the plaintiffs in certain underlying actions, and on the issue of liability on the second and third causes of action, alleging breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiffs, County of Nassau and Nassau County Department of Public Works, commenced this action against Technology Insurance Co., Inc. (hereinafter TIC), and Looks Great Services, Inc. (hereinafter LGS). The plaintiffs alleged that LGS performed work for the plaintiffs and was required to maintain general liability insurance naming the plaintiffs as additional insureds. LGS's work for the plaintiffs included performing emergency debris removal services following a hurricane. The plaintiffs further alleged that LGS, through its agents, employees, subcontractors, or sub-subcontractors, was involved in a motor vehicle collision while operating a tractor trailer on an expressway. Allegedly, the plaintiffs had received multiple claims and had been named in two underlying actions related to the collision. LGS produced evidence that it was insured under a certain general liability insurance policy issued by TIC. According to that insurance policy, the plaintiffs were additional insureds as "required by written contract." TIC, however, had refused to defend or indemnify the plaintiffs in the claims related to the collision. The plaintiffs sought a judgment declaring that TIC is obligated to defend and indemnify the plaintiffs under the TIC policy. The plaintiffs also sought, inter alia, to recover damages from TIC for breach of the insurance policy and from LGS for breach of contract.
The plaintiffs moved for summary judgment declaring that TIC is obligated to defend [*2]and indemnify the plaintiffs, and on the issue of liability on the second and third causes of action, which alleged breach of contract against TIC and LGS, respectively. In an order entered October 28, 2016, the Supreme Court, inter alia, denied the plaintiffs' motion. The plaintiffs appeal.
"When determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself" (Superior Ice Rink, Inc. v Nescon Contr. Corp., 52 AD3d 688, 691). Here, the subject insurance policy provides that the plaintiffs were additional insureds as "required by written contract." Consequently, the plaintiffs' entitlement to defense and indemnification under the insurance policy depends on whether LGS was contractually required to maintain general liability insurance naming the plaintiffs as insureds.
The question of whether LGS was contractually required to maintain general liability insurance naming the plaintiffs as insureds cannot be resolved on the record before us. "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent. The best evidence of what parties to a written agreement intend is what they say in their writing. Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [citations and internal quotation marks omitted]). "While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact" (Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880).
The record includes multiple agreements between the plaintiffs and LGS. A "Blanket Purchase Order" (hereinafter BPO), awarded under a formal sealed bid proposal and relating to tree pruning and stump removal, included provisions requiring LGS to procure liability insurance naming the plaintiffs as insureds and to defend and indemnify the plaintiffs. A "Debris Management Agreement" (hereinafter DMA), relating to "such professional services as may be required to effect disaster response and recovery," did not include these provisions. Four "Supplemental Agreement[s]" each provide, in part, that "[t]his Supplemental Agreement is entered into pursuant to the provisions of the original [DMA] . . . entered into in 2011 under the existing [BPO]." Under these circumstances, triable issues of fact exist regarding whether the occurrences were covered by the DMA or the BPO, and thus the plaintiffs were not entitled to summary judgment on the cause of action seeking a declaration that TIC was obligated to defend and indemnify the plaintiffs.
Similarly, the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law on the second and third causes of action, alleging breach of contract. Given the triable issue of fact as to whether the plaintiffs are covered under the insurance policy, the plaintiffs have not shown, prima facie, that TIC breached the insurance policy by, inter alia, failing to defend or indemnify the plaintiffs. Additionally, the plaintiffs failed to establish, prima facie, that a binding indemnification agreement between LGS and the plaintiffs was in effect at time of the collision, and, moreover, failed to eliminate all triable issues of fact as to whether the plaintiffs were free from negligence in connection with the collision (see Poalacin v Mall Props., Inc., 155 AD3d 900, 910).
Since the plaintiffs did not demonstrate their prima facie entitlement to summary judgment declaring that TIC is obligated to defend and indemnify the plaintiffs, and on the issue of liability on the second and third causes of action, alleging breach of contract, we agree with the Supreme Court's denial of their motion, without regard to the sufficiency of the defendants' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court