KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc. (2022 NY Slip Op 00171)





KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc.


2022 NY Slip Op 00171


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-10771
 (Index No. 510281/17)

[*1]KTG Hospitality, LLC, respondent,
v
Cobra Kitchen Ventilation, Inc., appellant.


Kaplan & Kaplan, P.C., Melville, NY (Steven Kaplan, Alan Golomb, Susan Nudelman, and Zara Watkins of counsel), for appellant.
Koss & Schonfeld, LLP, New York, NY (Graig A. Russo of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated August 14, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were for summary judgment dismissing the first and third causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendant.
In 2016, the defendant, Cobra Kitchen Ventilation, Inc. (hereinafter Cobra), installed a kitchen ventilation system in a new restaurant owned by the plaintiff, KTG Hospitality, LLC (hereinafter KTG). KTG subsequently commenced this action against Cobra to recover damages for breach of contract, unjust enrichment, and common-law fraud. KTG alleged in the complaint that it "hired" Cobra to install the ventilation system, that Cobra "performed some, but not all of the [w]ork," and that the "[w]ork was defective" in numerous respects. The complaint also alleged that nonparty World Class Contruction Corp. (hereinafter World Class) was the general contractor for the construction of the restaurant, that KTG made payments to World Class, and that World Class paid Cobra. In its answer, Cobra admitted that it was a subcontractor on the construction project, denied that it had any contract with KTG, and asserted various affirmative defenses, including lack of privity. At the conclusion of discovery, Cobra moved for summary judgment dismissing the complaint, and KTG opposed the motion. The Supreme Court denied the motion in an order dated August 14, 2019, and Cobra appeals.
Cobra demonstrated its prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action by submitting evidence demonstrating that there was no contractual relationship between Cobra and KTG. "Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 104). "Generally, a subcontractor is in privity with the general contractor on a construction project and is not in privity with the owner, even if the owner benefitted from the subcontractor's work" (id. at 104; see CDJ Bldrs. Corp. v Hudson Group Const. Corp., 67 AD3d 720, 722).
In opposition, KTG failed to raise a triable issue of fact. Contrary to KTG's contention, the evidence failed to demonstrate the existence of a triable issue of fact as to whether KTG was an intended third-party beneficiary of the subcontract between Cobra and World Class. A third party may enforce a contract as a third-party beneficiary in one of two circumstances: (1) "when the third party is the only one who could recover for the breach of contract" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710), or (2) "when it is otherwise clear from the language of the contract that there was 'an intent to permit enforcement by the third party'" (id. at 710, quoting Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 45; see Financial Assistance, Inc. v Graham, 191 AD3d 952, 956). Here, the subcontract between Cobra and World Class does not "expressly name [KTG] as an intended third-party beneficiary nor authorize [KTG] to enforce any obligations thereunder" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 710). Contrary to KTG's contention, the indemnification and insurance clauses of the subcontract, which state that Cobra will indemnify and hold harmless both the contractor and "the Owner of the property," i.e., KTG, from liability arising out of or resulting from Cobra's work under the subcontract, do not reflect a clear intention to confer upon KTG a right to enforce the terms of the subcontract (see id. at 707-708, 710). Accordingly, the Supreme Court should have granted that branch of Cobra's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract.
The Supreme Court properly denied that branch of Cobra's motion which was for judgment as a matter of law dismissing the second cause of action, to recover damages for unjust enrichment. Cobra's argument that the payment Cobra received was less than the amount alleged in the complaint failed to establish, prima facie, that Cobra did not benefit at KTG's expense such that equity and good conscience required restitution (see Arjumand v LaGuadia Express, LLC, 195 AD3d 988, 989). Cobra's arguments that the unjust enrichment cause of action should be dismissed because it is duplicative of the breach of contract cause of action, and because recovery on a theory of unjust enrichment is precluded by the existence of a valid contract covering the same subject matter, are improperly raised for the first time on appeal, and we decline to consider them (see Nadella v City of New York, 161 AD3d 412, 413; Fletcher v Westbury Toyota, Inc., 67 AD3d 730, 731).
The Supreme Court should have granted that branch of Cobra's motion which was for judgment as a matter of law dismissing the third cause of action, to recover damages for fraud. Cobra demonstrated its prima facie entitlement to dismissal of this cause of action by presenting evidence that it did not have any communications with KTG during the relevant time period, and therefore could not have misrepresented or concealed any material facts to KTG. In opposition, KTG failed to raise a triable issue of fact (see Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d 808, 812).
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court