Bank of Am., N.A. v Joerger (2024 NY Slip Op 05083)

Bank of Am., N.A. v Joerger

2024 NY Slip Op 05083

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-03423 
2023-03445
 (Index No. 12336/13)

[*1]Bank of America, N.A., etc., respondent, 
v
Brian Joerger, appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brian Joerger appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated March 9, 2023. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Brian Joerger and dismissing that defendant's affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In May 2013, the plaintiff commenced this action against the defendant Brian Joerger (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Lindenhurst. The defendant interposed an answer, asserting various affirmative defenses, including failure to comply with RPAPL 1304.
In March 2019, the plaintiff filed a motion which sought, inter alia, summary judgment on the complaint insofar as asserted against the defendant and dismissing his affirmative defenses. In an order dated June 27, 2022, the Supreme Court, among other things, granted the plaintiff's motion to the extent of dismissing all of the defendant's affirmative defenses, except for the affirmative defense alleging failure to comply with RPAPL 1304.
In October 2022, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing his affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference. In an order dated March 9, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order also dated March 9, 2023, the court granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
The operative statutory language of RPAPL 1304 contains two requirements: "(1) the notice 'shall include' the specified language and information; and (2) the notice must be sent 'in a separate envelope from any other mailing or notice'" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 324, quoting RPAPL 1304[1], [2]). "[A]ccurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute an 'other . . . notice'" that must otherwise be sent in a separate envelope (id. at 326, quoting RPAPL 1304[2]).
Here, the plaintiff established, prima facie, that the language at issue in the RPAPL 1304 notice, namely that, "This communication is from Bank of America, N.A., the servicer of your home loan," did not constitute an "other . . . notice" for purposes of RPAPL 1304(2) (Bank of Am., N.A. v Kessler, 39 NY3d at 324; Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 435). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's contention that the plaintiff otherwise failed to establish its strict compliance with the mailing requirements of RPAPL 1304 is improperly raised for the first time on appeal, and we decline to consider it (see e.g. KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d 710, 712-713).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing his affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court