95 Crescent, LLC v Certified Restoration Servs., Inc. (2025 NY Slip Op 04530)

95 Crescent, LLC v Certified Restoration Servs., Inc.

2025 NY Slip Op 04530

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2023-10424
 (Index No. 622773/19)

[*1]95 Crescent, LLC, appellant, 
v
Certified Restoration Services, Inc., et al., defendants, Sedgwick Claims Management Services, Inc., et al., respondents.

Patricia Byrne Blair, Blue Point, NY, for appellant.
Winget, Spadafora & Schwartzberg, LLP, New York, NY (Garry T. Stevens, Jr., and Matthew Tracy of counsel), for respondent Sedgwick Claims Management Services, Inc.
Feldman, Rudy, Kirby & Farquharson, P.C., Jericho, NY (Bruce W. Farquharson of counsel), for respondent Allstate Insurance Company.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 4, 2023. The order granted the separate motions of the defendant Sedgwick Claims Management Services, Inc., and the defendant Allstate Insurance Company for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In March 2017, the Dorothy B. Hensel Revocable Living Trust (hereinafter the Trust) submitted a claim under a homeowner's insurance policy issued by the defendant Allstate Insurance Company (hereinafter Allstate) for water damage at the insured property (hereinafter the property). Allstate assigned the defendant Sedgwick Claims Management Services, Inc. (hereinafter Sedgwick), as third-party administrator for the Trust's claim, which in turn retained the defendant Certified Restoration Services, Inc. (hereinafter Certified), to perform repairs at the property at a cost approved by Allstate, Certified, and the Trust. The Trust also directly authorized Certified to perform the repairs.
In November 2017, during the pendency of the Trust's claim, the plaintiff purchased the property from the Trust. Thereafter, in November 2019, the plaintiff commenced this action against Certified, Allstate, Sedgwick, and another defendant, inter alia, to recover damages for breach of contract, alleging that Certified failed to adequately complete the repairs. The complaint insofar as asserted against Allstate further alleged that Allstate failed to properly supervise Sedgwick and Certified in resolving the Trust's claim. The complaint insofar as asserted against Sedgwick further alleged that Sedgwick wrongly retained insurance proceeds that were paid by Allstate and due to Certified to complete the repairs, and otherwise failed to properly supervise Certified. Allstate and Sedgwick separately moved for summary judgment dismissing the complaint insofar [*2]as asserted against each of them. In an order dated October 4, 2023, the Supreme Court granted the motions. The plaintiff appeals.
The Supreme Court properly granted Allstate's motion for summary judgment dismissing the complaint insofar as asserted against it. "'Parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations'" (Salati v Northwell Health, 236 AD3d 951, 952, quoting J Constr. Co., LLC v Westchester Fire Ins. Co., 165 AD3d 1076, 1078). "'[A]n agreement which modifies the Statute of Limitations by specifying a shorter, but reasonable, period within which to commence an action is enforceable provided it is in writing'" (Receivable Collection Servs., LLC v Nassau County, 227 AD3d 834, 834, quoting John J. Kassner & Co. v City of New York, 46 NY2d 544, 551; see D'Angelo v Allstate Ins. Co., 126 AD3d 931, 931). "'Absent proof that the contract is one of adhesion or the product of overreaching, or that [the] altered period is unreasonably short, the abbreviated period of limitation will be enforced'" (Batales v Friedman, 144 AD3d 849, 850 [internal quotation marks omitted], quoting Matter of Incorporated Vil. of Saltaire v Zagata, 280 AD2d 547, 547-548).
Here, Allstate established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by producing the insurance policy, which contained a provision limiting the time period within which to bring an action against it under the policy to "two years after the inception of loss or damage." As it is undisputed that this action was commenced after the expiration of this period, Allstate established, prima facie, that the complaint, insofar as asserted against it, was time-barred (see Salati v Northwell Health, 236 AD3d 951; Bachir v Lloyds of London, 157 AD3d 847, 848; D'Angelo v Allstate Ins. Co., 126 AD3d at 931). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability or enforceability of the abbreviated limitations period (see Bachir v Lloyds of London, 157 AD3d at 848; D'Angelo v Allstate Ins. Co., 126 AD3d at 931).
Allstate further established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that the plaintiff lacks standing to enforce Allstate's alleged obligations under the policy issued to the Trust. "A third party may enforce a contract as a third-party beneficiary in one of two circumstances: (1) 'when the third party is the only one who could recover for the breach of contract,' or (2) 'when it is otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party'" (KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d 710, 712 [citation and internal quotation marks omitted], quoting Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710). "An intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contract" (Clarke v Clarke, 227 AD3d 659, 660).
Here, Allstate's submissions established, prima facie, that the plaintiff was not a third-party beneficiary under the insurance policy issued to the Trust (see Rivera v Sodexo, Inc., 233 AD3d 721, 723; KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d at 712; Palermo Mason Constr. v Aark Holding Corp., 300 AD2d 458, 459; Tilden Commercial Alliance v 2nd Edition Originals, 242 AD2d 702, 703). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted Sedgwick's motion for summary judgment dismissing the complaint insofar as asserted against it. Sedgwick's submissions similarly established, prima facie, that the plaintiff was not a third-party beneficiary under its contracts with either Allstate or Certified and, thus, that the plaintiff had no right to enforce Sedgwick's alleged obligations under those contracts (see Rivera v Sodexo, Inc., 233 AD3d at 723; KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d at 712; Palermo Mason Constr. v Aark Holding Corp., 300 AD2d at 459). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court